## GEORGE v. RANSOM.

NEITHER the husband nor his creditor can claim the proceeds or fruits of the separate estate of the wife. A law giving them such fruits is unconstitutional.

The term "separate property," in the fourteenth section of article eleven of the Constitution, is used in its common law sense, and, by that law, "separate property" means an estate held, both in its use and in its title, for the exclusive benefit of the wife.

APPEAL from the Tenth District.

Proceedings supplementary to execution: Plaintiff, a judgment creditor of L. W. Ransom, obtained an order citing Horace Beach, secretary of the Citizens' Steam Navigation Company, to appear, and answer as to the indebtedness of the company to defendant. Beach testified that there was due two hundred and fifty dollars as dividends on fifteen shares of the stock of said company; that the shares stood in the name of E. S. Ransom, wife of defendant. For the purposes of the case, it was admitted that the stock was the separate property of the wife.

Plaintiff then moved that an order be made, applying the dividends towards the judgment against the husband, L. W. Ransom.

The attorney of the wife objected, on the ground that the ninth section of the act defining the rights of husband and wife, passed April 17th, 1850, is unconstitutional.

The Court below denied the motion, and dismissed the proceedings. Plaintiff appeals.

*Reardan & Smith*, for Appellant, argued that the Constitution did not prevent the Legislature giving the " use " of the wife's separate estate to the husband; that it was wise and just to leave the title of the property in the wife, and permit its fruits, due mostly to the husband's labors, to go to him or his creditors; citing *Pattison* v. *Supervisors of Yuba County* (13 Cal.) to the point, that as the statute did not, on its face, contravene the Constitution, it should not be so construed by way of argument. (*Ducrest* v. *Bijeau*, 8 Martin, [La.] N. S. 192; *Wimbish* v. *Gray*, 10 Rob. 367; *Thorne* v. *Egan*, 3 Id. 330; Wood's Dig. 488, sec. 9.)

*George Rowe*, for Respondent, cited Constitution, art. 11 sec. 14; *Selover* v. *The American-Russian Commercial Co.* 7 Cal. 266; *Edrington* v. *Mayfield*, 5 Texas, 363, to the point, that our statute is unconstitutional.

George *v.* Ransom.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This question arises from the record in this case: can a creditor of the husband subject the proceeds or dividends of the separate estate of the wife to his claim? In this case, the property sought to be subjected was the dividends of certain stock purchased by the wife with her separate funds.

By the fourteenth section of article eleven of the Constitution, it is provided: " All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise, or descent, shall be her separate property; and laws shall be passed, more clearly defining the rights of the wife, in relation as well to her separate property as to that held in common with her husband. Laws shall also be passed, providing for the registration of the wife's separate property.".

By section nine of the act regulating the relation of husband and wife, (Wood's Dig. 488) it is enacted: " The husband shall have the entire management and control of the common property, with the like absolute power of disposition, as of his own separate estate; and the rents and profits of the separate estate of either husband or wife shall be deemed common property, unless, in the case of the separate property of the wife, it shall be provided by the terms of the instrument whereby such property may have been bequeathed, devised, or given to her, that the rents and profits thereof shall be applied to her sole and separate use—in which case, the entire management and disposal of the rents and profits of such property shall belong to the wife, and shall not be liable for the debts of the husband."

We think the Legislature has not the Constitutional power to say that the fruits of the property of the wife shall be taken from her, and given to the husband or his creditors. If the Constitutional provision be not a protection to the wife against the exercise of this authority, the anomaly would seem to exist, of a right of property in one, divested of all beneficial use—the barren right to hold in the wife, and the beneficial right to enjoy in the husband. One object of the provision was, to protect the wife against the improvidence of the husband; but this object would wholly fail, in many instances, if the estate of the wife were reduced to a mere reversionary interest, to be of no avail to her except in the contingency of her surviving her husband.

It has been seen that the provision of the Constitution is, that the

property acquired by the wife by devise, bequest, etc., shall be her separate property. This term "separate property" has a fixed meaning in the common law, and had in the minds of those who framed the Constitution, the large majority of whom were familiar with, and had lived under that system. By the common law, the idea attached to separate property in the wife, and which forms a portion of its definition, is, that it is an estate, held as well in its use as in its title, for the exclusive benefit and advantage of the wife. The common law recognized no such solecism as a right in the wife to the estate, and a right in some one else to use it as he pleased, and to enjoy all the advantages of its use. It is not perceived that property can be in one, in full and separate ownership, with a right in another to control it, and enjoy all of its benefits. The sole value of property is in its use; to dissociate the right of property from the use in this class of cases, would be to preserve the name—the mere shadow—and destroy the thing itself— the substance. It would be to make the wife the trustee for the husband, holding the legal title, while he held the fruits of that title. This could no more be done, in consistency with our ideas of property, during the lifetime of the wife, than for all time.

This was the view taken by the Judge below, and his judgment is affirmed.