[Civ. No. 5588.   First Appellate District, Division Two.—February 5, 1927.]

PACIFIC-SOUTHWEST TRUST & SAVINGS BANK (a Corporation), Appellant, v. JAMES ROSS, Sheriff, etc., et al., Respondents.

[1] HUSBAND AND WIFE—CROP MORTGAGE BY WIFE—COMMUNITY PROPERTY—EVIDENCE—FINDING.—In this action by the holder of a crop mortgage executed by the wife to obtain possession of certain beans held by the defendant sheriff under a writ issued in an action instituted by a creditor of the husband, the evidence was sufficient to support the finding of the trial court that the beans in question, although raised on lands held by the wife under a written lease, were the community property of the spouses.

[2] ID.—LEASE TO WIFE — SEPARATE PROPERTY — PRESUMPTION — EVIDENCE.—Conceding that the one-year written lease to the wife in her sole name raised a presumption that the leasehold and, therefore, the produce of the same, was her separate property under the provisions of section 164 of the Civil Code, such presumption was disputable, and the judgment determining such produce to be community must be affirmed where there was sufficient evidence to support such determination.

---

(1) 31 C. J., p. 32, n. 90.   (2) 31 C. J., p. 128, n. 61.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred A. Shaeffer for Appellant.

A. B. Bigler for Respondents.

KOFORD, P. J.—The assignor of the plaintiff herein held a crop mortgage on a quantity of pink beans. This mortgage was executed by Gussie Leal alone without the signature of her husband, Raul Leal. The defendant, as sheriff, levied upon and took possession of said beans upon a writ of attachment or execution (the record is not clear as to what the writ was) issued in a certain action by the Bank of Italy, a substantial creditor, against Raul Leal, the husband. The sheriff ignored the crop mortgage of plaintiff herein and made no compliance with section 2969 of the Civil Code. The plaintiff herein, claiming the right of possession under the crop mortgage, brought action against the sheriff for possession of the beans. The trial court gave judgment for the defendant upon the ground that the beans were community property of the Leals and that, therefore, the crop mortgage executed by the wife alone was ineffective. From this judgment the plaintiff appeals.

[1] The trial proceeded upon the issue of whether the beans were the separate property of the wife or the community property of the spouses.

The evidence, more in detail, follows: Raul A. Leal had for some time farmed the Righetti ranch under a verbal lease from year to year. He had completed his farming operations for the year ending November 1, 1921. He, thereafter continued on the ranch as a tenant and cultivated the land for the crop to be planted in the spring of 1922. Leal was indebted to the Union National Bank of San Luis Obispo, the predecessor and assignor of the Bank of Italy, above mentioned, upon a promissory note dated November 21, 1921. In May, 1922, he sought further funds from the bank to carry on his farming operations, but he was refused. He testified that thereupon he told the bank officials that he was through; that they could come and get his rig and that he then turned his horses out to pasture and gave up the ranch. But he continued living on the ranch with his wife Gussie as previously. His wife then went to the land owner and procured a written lease from him on May 16, 1922, and four days later, she executed to plaintiff's as-

signor the crop mortgage upon which the action is based. Thereupon the crop was planted, Mrs. Leal supervising and being assisted with men and horses by her relatives. Raul Leal furnished the bean seed to her without charge. It was a disputed point of evidence as to how much directing and labor was performed by the husband. During the time of planting he was suffering from an injured arm, which partially disabled him. He made the arrangements for sacks and seed. He made a written contract for threshing the beans and even for the sale of the same with his own signature and without his wife's signature, but with her knowledge and consent.

Upon this evidence, and more not recited, the trial court held the produce to be community property of the spouses. We think the decision is well supported by the evidence.

[2] Appellant urges that the one-year lease to Mrs. Leal in her sole name raises a presumption that the leasehold and, therefore, the produce of the same, was separate property under the provisions of section 164 of the Civil Code. Respondent argues that the lease does not amount to a conveyance within the meaning of that section, citing *Stafford* v. *Martinoni*, 192 Cal. 724 [221 Pac. 919]. Whether or not the presumption applies to the year lease in this case is a question we need not decide, for it would be at best a disputable presumption (*Stafford* v. *Martinoni, supra*), and we should still have to hold that the judgment is supported by the evidence, with or without the presumption.

It is ordered, therefore, that the judgment appealed from be and the same is hereby affirmed.

Nourse, J., and Sturtevant, J., concurred.