**HENSHAW et al. v. COMMISSIONER OF
INTERNAL REVENUE.**

Circuit Court of Appeals, Ninth Circuit.
April 1, 1929.

Rehearing Denied May 6, 1929.

No. 5648.

Chickering & Gregory and Walter C. Fox, Jr., all of San Francisco, Cal., for petitioners.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, Edwin G. Davis, and Morton P. Fisher, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and P. S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

DIETRICH, Circuit Judge. This is a petition to review an order of the United States Board of Tax Appeals, affirming an assessment of $604,789.87 as an estate tax upon the estate of William G. Henshaw, deceased, of the net value of $5,334,898.46. During all his married life the decedent resided in California, and all of his property was acquired after his marriage to Hetty T. Henshaw, who, together with three children, survived him. In short, it is conceded his entire estate was community property as defined by the laws of California, and a one-half interest therein passed to his widow by operation of law. Both husband and wife had their domicile in California at the time of the former's death. Upon these facts the only question presented to us is whether the half interest so passing to Mrs. Henshaw was subject to the tax. Consistently with the conclusion reached in Talcott v. United States (C. C. A.) 23 F.(2d) 897 (certiorari denied 277 U. S. 604, 48 S. Ct. 601, 72 L. Ed. 1011) our answer must be in the affirmative. In neither material fact nor statutory provision is there any distinction, and we fail to find in the petitioners' elaborate brief sufficient reason for now taking a different view.

Affirmed.