[Civ. No. 7595. First Appellate District, Division. Two.—November 20, 1931.]

MATTIE FERN LEVELL, Appellant, v. THE METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Respondent.

Eloise B. Cushing for Appellant.

F. Eldred Boland and Knight, Boland & Christin for Respondent.

Francis V. Keesling, *Amicus Curiae.*

DOOLING, J., *pro tem.*—This is an appeal on the judgment-roll from a judgment in favor of defendant and respondent, The Metropolitan Life Insurance Company. From the findings it appears that on or about December 1, 1925, respondent insurance company issued to one James Levell a policy of insurance upon his life for $1,000 payable to his mother as beneficiary; that on or about December 31, 1925, James Levell married the plaintiff and appellant, Mattie Fern Levell, and they continued to be husband and wife until December 20, 1927 upon which date James Levell died; that all premiums upon this policy of insurance were paid from the community funds of appellant and James Levell; and that on December 21, 1927, respondent insurance company paid the sum of $1,000 due under the policy to the mother of James Levell as beneficiary, without any notice or knowledge that appellant was the wife of James Levell or claimed any interest in the proceeds of the policy.

It is appellant's contention that by the adoption of section 161a of the Civil Code in 1927 (Stats. 1927, p. 484) she acquired a vested interest in the community property including this policy of insurance and that the payment of the principal sum of the policy to the beneficiary amounted to a conversion of that interest by respondent insurance company entitling her to a recovery from the respondent.

Upon the record before us we are not called upon to consider this ingenious argument. ▆ Prior to the adoption of section 161a of the Civil Code, in 1927, the Supreme Court held in *Blethen* v. *Pacific Mutual Life Ins. Co.*, 198 Cal. 91 [243 Pac. 431], that a widow could not recover from an insurance company which had paid the beneficiary under a policy of insurance upon the life of a deceased husband, even though the premiums had been paid with community funds, where at the time of payment the insurance company had no knowledge or notice of the widow's claim.

▆ It is well settled that amendments increasing the rights of the wife in community property have no applica-

tion to community property acquired prior to their adoption (article on Community Property, 1930 Supplement to Cal. Jur., sec. 80, p. 117; *McKay* v. *Lauriston,* 204 Cal. 557, 566 [269 Pac. 519], and cases therein cited), and section 161a could not therefore give the wife a vested interest in community property acquired prior to its effective date. It was neither pleaded in the complaint nor found by the court that any of the community funds used in payment of any premium upon the policy here in question were acquired subsequent to July 29, 1927, the date upon which Civil Code, section 161a became effective. In the absence of such finding appellant is in no position to urge any rights under that section. It follows that this case is governed by the rule laid down in *Blethen* v. *Pacific Mutual Life Ins. Co., supra.*

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.