TITLE INSURANCE & TRUST CO. v. GOODCELL, Collector of Internal Revenue.

No. 6777.

Circuit Court of Appeals, Ninth Circuit.

Aug. 15, 1932.

Carey Van Fleet, of San Francisco, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker and Alva C. Baird, Asst. U. S. Attys., all of Los Angeles, Cal., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

From a judgment for defendant in an action to recover the sum of $60,894.08 paid under protest as an estate tax, the plaintiff, Title Insurance & Trust Company, appeals.

Emil Firth, a resident of Los Angeles, Cal., died August 23, 1922, leaving him surviving his widow, Benveneda S. Firth, and a daughter and granddaughter. The decedent left a last will and testament, dated August 11, 1922, which was duly probated. Under this will the decedent devised and bequeathed all of the property then held by him, including the entire community estate. Substantially all of this property was placed in a trust, which provided for the payment of something less than one-half of the income therefrom to the decedent's wife, and gave her testamentary disposition of one-half of the corpus of the property. Coincident with the execution of the will, his said wife executed a paper containing, among other provisions, the following:

"* * * I hereby elect to and do accept, acquiesce in and consent to said Will and all of its provisions, including disposition at the death of my said husband of all of our community property thereunder, and hereby waive all claims to my share of any community property, and any and all other claims, rights, interests and estates which I may have at the time of the demise of my said husband, upon or in all of his separate property and all of our community property. * * *"

The court found that the value of decedent's gross estate was $1,602,843.55 and the net value $1,361,537.33; that the entire estate was community property, except separate property of the value of $27,700.

The total tax upon the estate was $85,159.86, which was paid under protest and claim for refund in the amount of $60,894.08 filed therefor, which was rejected by the Commissioner of Internal Revenue. In the claim for refund filed, and upon which this action is predicated, appellant defined its position as follows:

"At the time of decedent's death, therefore, the widow had a vested interest and owned outright her community interest so that at the time of his death decedent only owned and his estate then was only one-half of all the community property. The fact that the widow took her community one-half under

the will with other benefits is immaterial for the reason that she cannot thereby convey her interest to her spouse as of a time before or at the time of his death, the will not taking effect until after his death and for the further reason that even if her election did have the effect of transferring her interest to the estate, it did not augment decedent's property rights and title thereto, but effected only an increase of the estate for distribution left after his death and created equities between her and other beneficiaries only. In other words, decedent having passed this life, left seized of his community one-half only. The widow's election to leave her one-half in the estate augmented the estate's properties to which title had passed to testamentary beneficiaries, and not the decedent's properties.

"To hold otherwise would be to urge in effect that the widow's election on being exercised was carried back to a time before decedent's death, which contention answers itself, for the Will was ineffectual until after the death of the decedent and there could be no election on her part until the Will became effective."

■ In appellant's brief the contention is made that "under the law of the state of California the two documents, the will and the waiver, constitute a contract, supported by a consideration and binding upon both parties, by virtue of which the widow of Emil Firth received her portion of the estate in lieu of her rights in the community property." If the contention made in the brief may be regarded as a new or additional ground of recovery, then it may not be considered upon this appeal, as only such grounds may be reviewed as are presented in the claim for refund. Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 634, 49 A. L. R. 459; Grays Harbor Motorship Corporation v. United States (Ct. Cl.) 45 F.(2d) 259, 281.

■ Conceding that the two documents, the will and the waiver, constituted a contract binding upon both parties, and that the widow received her portion of the estate in lieu of her rights in the community property, it was the death of her husband which "brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result." Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758.

If the widow be regarded as having the right of election upon the death of her husband to take her community interest freed from the trust and other provisions of the will, and had so taken such community interest, such election would not have affected the validity of the tax. Talcott v. United States (C. C. A.) 23 F. (2d) 897; Henshaw v. Commissioner (C. C. A.) 31 F.(2d) 946; Gwinn v. Commissioner (C. C. A.) 54 F.(2d) 728.

Whether the will and the waiver constituted a binding contract or whether power of election remained in the widow to take either in pursuance of the will or in accordance with her community rights, the liability for the tax is not affected, for, in either case, property rights are "brought into being or ripened for the survivor" which before could not be exercised. Tyler v. United States, supra, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758.

Judgment affirmed.