## HIRSCH v. UNITED STATES.
### No. 6830.

Circuit Court of Appeals, Ninth Circuit.
Dec. 12, 1932.

J. S. Y. Ivins, of Washington, D. C. (Kingman Brewster, O. R. Folsom-Jones, and F. E. Youngman, all of Washington, D. C., and Allen G. Wright, of San Francisco, Cal., of counsel), for appellant.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

Appellant brought this suit to recover $185.76 paid by him as income tax. The gov- ernment concedes his right to recover $177.48. The judgment of the trial court was in favor of the plaintiff for that amount with interest. Appellant took an appeal from the judgment in his favor, claiming that it should have been for the full amount claimed. It is suggested on the argument that this is a test case, and that other cases involving much larger amounts depend upon the decision herein, which no doubt accounts for the expense which has been incurred in the presentation of this case.

The question involved is with reference to the income derived from dividends upon stock owned by the appellant and his wife as community property. Appellant contends that ,one-half this amount should be returned by both the husband and wife, separately, while the government contends that the income on this community property should be returned by the husband as part of his income, in accordance with the decision of the Supreme Court in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285. It is conceded by the government that from and after the legislation enacted by the state of California on July 29, 1927 (St. 1927, p. 827), enacting Civil Code § 172a, that the income of the community property should be returned by the husband and wife separately, one-half each, as decided by the Supreme Court in United States v. Malcolm, 282 U. S. 792, 51 S. Ct. 184, 75 L. Ed. 714. The appellant, however, contends that, some time during the evolution of the California law with reference to community property, the wife acquired such an interest in the community property that the act of the Legislature of the State of California in 1927 effectively vested in her one-half of the income received after 1927 derived from community property which was acquired before the enactment of the statute in question.

In order to raise the various questions conceded to be presented by the appeal, plaintiff alleges the time of the acquisition of the stock upon which the dividends were received, and the amount of the dividends received upon these several purchases of stock, as follows: "Income amounting to $1353.00 was derived from stock purchased between July 27, 1917, and August 17, 1923, with funds acquired prior to July 27, 1917; income amounting to $2,542.00 was derived from stock purchased between August 17, 1923 and July 29, 1927, with funds acquired between July 27, 1917 and August 17, 1923; and income amounting to $1393.00 was derived from stocks purchased after July 29, 1927, with

funds acquired between August 17, 1923 and July 29, 1927."

The significance of these dates arises from the fact that on July 27, 1917, the amendments to sections 172 and 172a of the Civil Code of California, enacted by the Legislature in 1917, became effective. Civil Code, §§ 172 and 172a, Cal. St. 1917, p. 829. On August 17, 1923, sections 1401, 1402, of the Civil Code as amended by the Legislature in 1923 (Cal. St. 1923, pp. 29, 30) became effective. The amendments of the California Code in 1917 limited the absolute management and control by the husband of the community property with reference to gifts of the community personal property, etc. In the same year, 1917, the Legislature of California also abolished the inheritance tax upon one-half the community property which went to the surviving wife on the death of the husband. The amendments of 1923 to sections 1401 and 1402 of the California Civil Code provided that one-half the community property is subject to the testamentary disposition of the decedent, whether that decedent be the husband or wife.

The question as to the interest of the wife in the community property arising from these changes in the statutory law of California has been frequently before the courts of California, and it has been definitely decided by the Supreme Court of that state that up to the year 1923, notwithstanding the amendments of 1917, above referred to, the community property belonged to the husband, and of course the income on that property also belonged to him. We need only cite some of these decisions without further comment. Spreckels v. Spreckels, 116 Cal. 339, 48 P. 228, 36 L. R. A. 497, 58 Am. St. Rep. 170; Roberts v. Wehmeyer, 191 Cal. 601, 218 P. 22; Stewart v. Stewart, 199 Cal. 318, 249 P. 197; Lahaney v. Lahaney, 208 Cal. 323, 281 P. 67; Estate of Phillips, 203 Cal. 106, 263 P. 1017; Ososke v. Kalinowsky, 209 Cal. 46, 51, 285 P. 318; Blethen v. Pacific Mutual Life Ins. Co., 198 Cal. 91, 243 P. 431.

The interest of the husband in the community property is such that the Legislature cannot vest any part thereof in the wife by legislation enacted subsequent to the acquisition of the community property. Spreckels v. Spreckels, 116 Cal. 339, 48 P. 228, 36 L. R. A. 497, 58 Am. St. Rep. 170; McKay v. Lauriston, 204 Cal. 557, 269 P. 519; Estate of Phillips, 203 Cal. 106, 110, 263 P. 1017, 1020; Estate of Bruggemeyer, 115 Cal. App. 525, 2 P.(2d) 534; Levell v. Metropolitan Life Ins. Co., 118 Cal. App. 426, 5 P.(2d) 430.

It seems too clear for discussion that, if the Legislature of California was powerless to shift the title to a portion of the community property from the husband to the wife, it is equally powerless to change their relationship to income derived from the community property vested in the husband. See George v. Ransom, 15 Cal. 322, 76 Am. Dec. 490; Spear v. Ward, 20 Cal. 659; Lewis v. Johns, 24 Cal. 98, 85 Am. Dec. 49; 1930 Supp. to Cal. Jur. § 39; Pacific-Southwest Tr. & Sav. Bank v. Ross, 81 Cal. App. 204, 253 P. 351. The extent to which the amendments of sections 1401, 1402 of the Civil Code in 1923 affected the ownership of the wife in the community property has not been directly decided by the Supreme Court of California. See discussion sections 117, 118, 1930 Supp., Cal. Jur. It was held in Estate of Phillips, supra, that it had no retroactive effect. That court, as to property acquired after the amendments of 1923, said: "As applying to community property acquired after the adoption of said amendment it is, in our opinion, a valid and binding legislative enactment."

We entertain no doubt that, after the amendment to the Code of California in 1923 as well as before, the husband's control over the community property was such as to require that the income from such property was taxable under the federal income tax law, as held by the Supreme Court in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, supra. The appellant seems to be of the opinion that the Robbins Case was modified or overruled by the Supreme Court in Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239, dealing with the question of taxation of the community property in the state of Washington. We think there is nothing inconsistent between the two cases as was pointed out by the Supreme Court in the latter case. The point is too clear for extended discussion.

Judgment affirmed.