## BURGES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6840.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1934.

Wm. H. Burges and A. H. Culwell, both of El Paso, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, and L. W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

By this petition Burges challenges the ruling of the Board that his salaries as general attorney and general counsel for three irrigation districts were subject to income tax.

There are differences between the facts of this case and Register's [Register v. Com'r of Internal Revenue (C. C. A.) 69 F.(2d) 607], this day decided adversely to the claimed exemption, but none of them are significant. Register represented two cities; Burges three irrigation districts, two in Texas, one in New Mexico. Register contracted for a salary and fees; Burges for salary only. Each was on a yearly contract; neither held an office. While the employment of each was authorized by law, neither their duties nor their compensation was fixed by law.[2] Each stood to the public corporations he represented in the relation of attorney and client, a relation fixed by the terms of the employment as to services and compensation. Neither gave the whole nor any considerable part of his time

---

[2] It is argued by petitioner that his position was created, its duties fixed, by statute. The statute under which petitioner was employed, article 7652, c. 2, Title 128, Rev. Civil Stat. 1925, vests the board of directors with the control and management of all the affairs of the district. It authorizes them to employ all necessary employees, and "especially to employ * * * an attorney." There are other provisions, article 7680, authorizing the directors to employ a delinquent tax attorney, and article 7683, providing that the attorney so employed shall receive his compensation out of delinquent taxes. Petitioner was not, however, employed under these sections. His employment was general, his compensation not contingent, but fixed.

to any one of his public clients. Engaged in and enjoying a lucrative practice, each did the work of public and private clients alike in his own office, and with his own office force, Burges altogether, Register mainly.

We agree with petitioner that the corporations he represented possess and exercise governmental functions. We cannot agree, however, that he was either an officer or an employee of any of them, or that to require him to pay income tax on the salary each of them paid him will have the effect of directly burdening the performance of governmental functions.

Petitioner's proof fails, just as Register's did, to make out the claim for exemption. His petition is denied.