## SHEA v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7927.

Circuit Court of Appeals, Ninth Circuit.

Feb. 19, 1936.

Rehearing Denied March 23, 1936.

Robert T. Jacob, of Portland, Or., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Frank J. Ready, Jr., Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals affirming the Commissioner's determination that certain income of petitioner, reported by petitioner and his wife as community property taxable one-half to each, was all taxable to him under the revenue laws.

Petitioner and his wife were married in 1907. They were residents of the state of Oregon until 1928. In the year 1920, the partnership known as the J. F. Shea Company was organized in that state by petitioner and his father and was engaged in the general contracting business. The petitioner became owner of a 40 per cent. interest in the partnership by reason of his contribution of cash to capital and the assumption by him of certain obligations owing for the plant and equipment. Petitioner's father owned a 40 per cent. interest in the partnership. Upon the father's death in 1926, petitioner inherited one-ninth of his interest, and thus owned a 44⅘ per cent. interest in the partnership. A large proportion of the partnership business was conducted in California. In the early part of 1928, petitioner moved his

family to California and established his domicile there.

The taxes involved are for the years 1928 and 1929, and the income in question was derived from the profits of certain construction contracts in California in which the copartnership of J. F. Shea Company joined with Twohy Brothers as contractors.

The Commissioner of Internal Revenue in his deficiency notice held that all the income of the petitioner derived from the J. F. Shea Company's operations in California in 1928 and 1929 was taxable to him as his income, excepting the $8,000 salary which he received for his personal services from the J. F. Shea Company. The amount of this salary for the years 1928 and 1929 was determined by the Commissioner to be taxable as jointly owned by petitioner and his wife, and he was held taxable for only one-half that amount..

 At the end of 1928, the partnership assets of J. F. Shea Company were $1,-151,212.91. So far as the petitioner's interest therein was acquired by descent or owned by him while he was domiciled in Oregon, it constituted his separate property under the law of Oregon which does not recognize community property. After the petitioner became domiciled in California, it remained his separate property under the law of California. In re Thornton's Estate, 1 Cal.(2d) 1, 2, 33 P.(2d) 1, 92 A.L.R. 1343. The income derived from these partnership assets, as distinguished from the personal services of the petitioner rendered to the copartnership, became his separate property. Cal.Civ.Code § 163. While that portion of it attributable to his personal services was community property under the law of California (Cal.Civ. Code § 164, Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L.R.A.(N.S.) 880, 134 Am. St.Rep. 107; In re Gold's Estate, 170 Cal. 621, 151 P. 12; Lenninger v. Lenninger, 167 Cal. 297, 139 P. 679; In re Estate of Pepper, 158 Cal. 619, 112 P. 62, 31 L.R.A. (N.S.) 1092) it was still so far subject to his domination that it was taxable in the same manner as separate property income until the amendment of the Code of California in 1927 (Cal.Civ.Code § 161a, U. S. v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714), whereby each spouse was given an undivided interest in community property thereafter acquired.

The petitioner's first four contentions relate to the matter of proof, and are thus stated by him: First, all property acquired by either spouse during marriage is presumed to be community property; second, the presumption can be overcome only by clear and convincing proof; third, if commingled community and separate funds cannot be accurately segregated, the whole is treated as community; fourth, if income produced by credit of husband not shown to be separate credit, it is community property.

 These four propositions are thoroughly established as the law of California by its statutes and by the decisions of its courts. They are not applicable here, however, for the reason that the source of the income derived by the taxpayer is definitely ascertained to have been in large part the income derived from his separate property. The income derived from this capital investment is taxable to the husband as his income. The presumption that it is community property acquired after July 29, 1927, so far as applicable in a tax case, has been overcome.

 The only difficulty remaining arises from the fact that the income derived from the husband's services which were community property were commingled with the profits derived from the business in which the husband's capital was invested. This question of the commingling of the husband's capital and his services has been frequently before the California courts, and it has been held that the amount derived from the capital investment should be separated from the amount derived from the husband's services in determining which is community property and which his separate property. Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L.R.A.(N.S.) 880, 134 Am.St.Rep. 107, and other California cases cited supra.

 No evidence was offered by the petitioner as to the relative return from his services for which he received the salary of $8,000 and of his capital which was employed in the ventures from which the profit was derived. Under these circumstances, it has been held by a California court that in the absence of other evidence, where the husband received a salary from the business, it is proper to attribute the balance of the income derived by him from the business as income upon his separate property. Van Camp v. Van Camp, 53 Cal. App. 17, 199 P. 885.

 The petitioner claims that the profits of the California contracts in which the J.

F. Shea Company joined with Twohy Brothers are community property earned after July 1927, and, hence, owned equally by the petitioner and his wife, because the funds advanced to the joint venture by J. F. Shea Company ($185,083.75) had been repaid by October 11, 1926, and that on July 31, 1927 the partnership was indebted to the joint venture in the sum of $155,000. This does not follow. The profits paid in 1927 from the joint venture were the result of the capital investment of the petitioner in the J. F. Shea Company and by that company in the joint venture, and also of his personal services. The book balances of the joint venture referred to are entirely evidentiary, if at all material. The fact that the capital investment had been returned did not absolve the J. F. Shea Company from the hazards of the joint venture nor terminate its connection with it. The profits arose from the venture as a whole, and are not affected by the state of the accounts of the venture from time to time. The proper division of the separate property from the community property in such a case is a matter of considerable difficulty, and is a question of fact to be determined from the evidence in the particular case. It has been held in some cases that the apportionment should be made in the rates that the capital and services contributed in producing the income. In re Gold's Estate, supra; Pereira v. Pereira, supra; see discussion in 10 Cal.Law Review 271, 14 id. 402.

■ In the case at bar the Commissioner has segregated the income of the partnership into separate and community property. He has been sustained by the Board of Tax Appeals. The main questions are factual. Unless these decisions are the result of an error of law, they must stand.

■ The petitioner's fifth contention is that the "property in question was acquired after July 29, 1927, wife has a present vested interest therein and she is taxable" therefor. This proposition cannot be sustained for it is obvious that the income from the partnership was in the main the husband's separate property. The error of law pressed upon us by the petitioner is the failure of the Board to indulge in the presumption that all the partnership income was community property because the portion which was separate was not clearly defined. It may well be questioned whether the taxpayer can now rely upon this basic presumption where the Commissioner

has in fact made such segregation. His action is presumed to be correct until shown to be erroneous. The Commissioner has in fact determined the amount of each. Can the taxpayer now, in this court, rely upon the presumption arising from the decisions of the California courts for the determination of doubts arising from the commingling of community and separate property where the law of the United States fortifies the decision of the Commissioner segregating such property with a presumption that the income is correctly segregated. It seems fairly clear that the action of the Commissioner shifted the burden of proof to the taxpayer to show that his action was in error. See Gordon v. Commissioner (C.C.A.) 75 F.(2d) 429; Pedder v. Commissioner (C.C.A.) 60 F. (2d) 866. This he has not done. On the contrary, the evidence clearly sustains the Commissioner.

The order is affirmed.