DEVLIN et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 7935.

Circuit Court of Appeals, Ninth Circuit.

March 16, 1936.

---

Robert T. Devlin, of Sacramento, Cal., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Berryman Green, and Frank J. Ready, Jr., Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Petitioners Robert T. Devlin and William H. Devlin are partners engaged in the practice of law in Sacramento, Cal., under the firm name of Devlin & Devlin. Mary E. Devlin is the wife of Robert T. Devlin and Anna C. Devlin is the wife of William H. Devlin. Devlin & Devlin acted as attorneys for certain reclamation districts (Nos. 1500, 551, 150, 108, and Knights Landing Ridge Drainage District), all of the state of California. Petitioners claim that all compensation received by them as such attorneys was exempt from federal income tax because of the governmental character of the activities of such districts. We shall assume, without deciding, that these reclamation districts are exercising governmental functions as held by the Board of Tax Appeals. See Hagar v. Reclamation Dist. No. 108, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; Wurts v. Hoagland, 114 U.S. 606, 611, 5 S.Ct. 1086, 29 L.Ed. 229; Statutes of California, 1913, pp. 109, 130; Cal.Stats. 1917, p. 1192; Gray v. Reclamation Dist. No. 1500, 174 Cal. 622, 163 P. 1024; Reclamation Dist. No. 1500 v. Superior Court of Sutter County, 171 Cal. 672, 154 P. 845; Com'r v. Harlan, 80 F.(2d) 660, decided by this court December 17, 1935. The question is as to whether or not the law firm of Devlin & Devlin in performing services for the several reclamation districts was so related to the governmental functions of the districts that its compensation for such legal servies is exempt from taxation by the federal government.

It is conceded that Devlin and Devlin were not officers of the respective districts, but it is claimed that they were employees within the meaning of the rule that exempts such employees from taxation. The question has been so recently before this court (November 4, 1935) in Childers v. Com'r, 80 F.(2d) 27, and in Com'r v. Harlan, supra, that an extended discussion of the subject is unnecessary, as it has been fully covered by these decisions and the authorities cited and quoted therein. Under these decisions, the petitioners are not entitled to exemption. Petitioners rely strongly upon a decision of the Circuit Court of Appeals, U. S. v. Butler, 49 F.(2d) 52, which was based upon Blair v. Mathews (C.C.A.) 29 F.(2d) 892. The Supreme Court, however, reversed a similar decision of that court, Howard v. Com'r, 29 F.(2d) 895, in Lucas, Com'r, v. Howard, 280 U.S. 526, 50 S.Ct. 87, 74 L.Ed. 593, followed in Lucas, Com'r, v. Reed, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125, reversing Reed v. Com'r (C.C.A.) 34 F.(2d) 263. The more recent decisions of the Fifth Circuit Court of Appeals on that subject, Register v. Com'r, 69 F.(2d) 607, 93 A.L.R. 186, was cited and followed by us in Childers v. Com'r, supra. See, also, Burges v. Com'r (C.C.A.5) 69 F.(2d) 609. We conclude that the compensation of the firm of Devlin & Devlin was taxable.

The petitioners claim that although the services by them as attorneys at law were rendered and paid for by warrant before the date (July 29, 1927) when California modified her community property law so as to give a present one-half interest therein to the wife, the income should be divided between husband and wife because the warrants were sold and cash received therefor after July 29, 1927, and petitioners were returning their income on a cash basis. It is too clear for argument that under the California law the status of the earnings of the husband were fixed by the law in force when earned, and under that law the earnings of the husband before July 29, 1927, were community property with substantially all the characteristics of separate property. See Shea v. Com'r, 81 F.(2d) 937, decided by this court February 19, 1936; Hirsch v. U. S. (C.C.A.) 62 F.(2d) 128.

The decision of the Board of Tax Appeals holding the compensation received by Devlin & Devlin by warrant, or otherwise, before July 29, 1927, as attorneys at law for said reclamation districts taxable as income to the two partners and not to their respective spouses, is affirmed.