ROGAN v. KAMMERDINER.

No. 10351.

Circuit Court of Appeals, Ninth Circuit.

Jan. 6, 1944.

Rehearing Denied March 31, 1944.

Samuel O. Clark, Asst. Atty. Gen., Sewall Key, Helen R. Carloss, Helen Goodner, and Fred E. Youngman, Sp. Assts. to Atty. Gen., and Leo V. Silverstein, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal. (W. H. H. Gentry, of Los Angeles, of counsel), for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by the appellee to recover federal estate taxes in the amount of $22,090.65 erroneously assessed and collected by Nat Rogan, Collector of Internal Revenue for the Sixth District of California, on May 10, 1938. The tax upon the property of the estate of appellee's deceased spouse, which is involved in this proceeding, is that upon her half interest in property which was held in joint tenancy by the appellee and his wife, Myrtle B. Kammerdiner. By reason of her death on April 4, 1935, the entire title has vested in the appellee as survivor of the joint tenan-

cy. The applicable statute concerning taxation of a joint tenancy upon the death of a cotenant is contained in the Revenue Act of 1926, ch. 27, 44 Stat. p. 9, § 302, sub. (e), 26 U.S.C.A. Int.Rev.Code § 811(e), quoted in the margin.[1]

The appellee contends that the interest of his wife in the joint tenancy "originally belonged" to him and therefore is exempt from taxation under the rules stated in § 302 (e), supra.

The appellee married his deceased spouse in 1908. He testified that there was a verbal agreement between himself and wife from the time of the marriage until the time of her death, that all property acquired by either of them should be held by them as joint tenants with the right of survivorship.

Under the law of California such an agreement between a husband and wife is permissible and valid and changes the statutory relation as to ownership of property which would otherwise exist. Civil Code of Calif. §§ 158, 159; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Anderson v. Comr., 9 Cir., 78 F.2d 636; Pedder v. Com'r, 9 Cir., 60 F.2d 866; United States v. Goodyear, 9 Cir., 99 F.2d 523. The appellee, as surviving joint tenant, claims the entire property but insists that the half interest vesting in him as the survivor of the joint tenancy is not taxable as a part of his wife's estate for federal tax purposes because the property originally belonged to him and that he gave her the property without any consideration and, hence, when he again acquired it as her survivor it is not taxable under § 302(e), supra.

The trial court sustained the contention of the appellee that the property held in joint tenancy originally belonged to the husband and was not taxable by reason of its vesting in the appellee upon her death. The appellant claims that the finding and conclusion of the trial court is not only unsupported by the evidence but is in conflict with the only testimony upon the subject.

[1] Revenue Act of 1926, c. 27, 44 Stat. 9: "Sec. 302. [As amended by § 404, Revenue Act of 1934, c. 277, 48 Stat. 680]. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States. * * *

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: * * *."

It will be necessary to consider that evidence and as a preliminary to note that in 1927 the California State Legislature made a radical departure in the law regulating the property rights of husband and wife by amending § 161a of the Civil Code of California so that all community property thereafter acquired by the spouses should be owned in equal shares as community property, whereas theretofore all community property was in legal effect the exclusive property of the husband, with some minor exceptions not here involved. The present case involves only property acquired before the amendment.

The evidence shows that the agreement between the husband and wife regarding their joint tenancy was first reduced to writing January 3, 1928, but that agreement provided that the business theretofore conducted by them under the name of James A. Kammerdiner at Los Angeles, California, "all the assets of which business is their community property, is now and all increase or change thereof shall be their joint property with right of survivorship". The evidence shows that the business referred to was begun in 1923.

In 1922 or 1923 the appellee invented a tool for recovering lost parts from an oil well and called the tool Kammerdiner Rotary Jar and secured patent thereon.

The witness testified that at the time the Rotary Jar business was begun in 1923 the substance of the discussion with his wife about that business was that they "were to divide 50-50, win or lose. It was very questionable whether we could make any money at it, but we did make some money in the long run." He supplemented this by saying: "That it was to be 50-50 and in case one died the other would get all."

He testified repeatedly that this agreement was the same agreement made when they were first married. The appellee's testimony throughout is entirely consistent and leads to the conclusion that there was from the time of their marriage an agreement between him and his wife to hold all the property acquired by either in joint tenancy. The appellee, in 1925, 1926 and 1928, filed income tax returns wherein he claimed that he and his wife were joint owners of the income derived from the Rotary Jar business they were conducting as "partners". The wife filed similar income tax returns for her half of the income and supported the sworn statements

of the husband by her affidavit to the effect that there was an equal partnership in the business and in the income therefrom. These returns were based upon the agreements of the husband and wife for at that time all community property income in California was taxable as the income of the husband. The commissioner ruled against the contention of the appellee and his wife and taxed the income as that of the husband only. The appellee appealed the matter to the Board of Tax Appeals and again supported his claim by his affidavit, and affidavits of his wife and others. The Board decided in favor of the appellee and his wife and permitted them to divide equally the income derived from their business and property for income taxation purposes. The evidence does not show whether or not the husband or wife had any taxable income before 1925.

The evidence shows that beginning at least as early as 1921 it was the practice of the appellee and his wife to deposit money in a commercial and savings bank as joint property with right of survivorship. Without giving the details of these accounts which are introduced in evidence it is sufficient to say that this practice continued to the time of the death of the wife. In the light of the husband's testimony and supporting evidence, the agreement of January 3, 1928 established no new property relationship between the spouses, nor did the agreement of 1923, at the time the Rotary Jar business was launched, nor did the similar agreement of 1909, not heretofore mentioned, when the wife began keeping a boarding house, and the husband continued his work in the oil field.

Appellee testified that at the time of their marriage it was agreed that all property derived from their labors should be held in joint tenancy with the right of survivorship. It follows that there is no basis under the evidence for the finding that the property which went into the Rotary Jar business was the community property of the husband and that therefore the contract of 1928 was in effect a gift to the wife of one-half of the community property. The testimony of the husband is to the contrary and all the evidence supports his testimony as to the property relationship of the parties throughout their married life.

In appellee's brief considerable emphasis was placed upon the fact that a

number of patents were obtained by the husband for his Rotary Jar apparatus and it was claimed that these patents were gifts from the government and consequently that they would be separate property of the husband. It is clear that the agreement of the spouses would apply to the inventions of the husband as well as any other type of property acquired by them during the existence of the agreement.

Judgment reversed.