## CROCKER FIRST NAT. BANK OF SAN FRANCISCO v. UNITED STATES.

### No. 12438.

United States Court of Appeals
Ninth Circuit.

June 29, 1950.

J. J. Lermen and George Devine, Jr., San Francisco, Cal., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Melva M. Graney, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., Frank J. Hennessy, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Sanford Plummer and Caroline Alice Plummer were married in California on March 1, 1904, and thereafter resided in California, living together as husband and wife, until May 23, 1941, on which date

Sanford Plummer died testate, leaving an estate consisting of his interest in community property of himself and Caroline Alice Plummer.

■ In California, prior to July 29, 1927, the wife's interest in community property was not a vested interest.[1] Section 161a of the California Civil Code, effective July 29, 1927, provided: "The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in the community property." Section 161a was not retroactive.[2] Hence there are now and have been since July 29, 1927, two types of California community property—one, hereafter called old type community property, in which the wife has no vested interest and one, hereafter called new type community property, in which the respective interests of the husband and wife are as defined in § 161a.

■ In determining, for Federal estate tax purposes, the value of the gross estate of a husband dying—as Sanford Plummer did—before October 21, 1942,[3] the entire value of all old type community property of the husband and wife was includible,[4] but only one-half of the value of their new type community property was includible.[5]

In their Federal estate tax return, Sanford Plummer's executors, Caroline Alice Plummer and Crocker First National Bank of San Francisco,[6] listed all of the community property of Sanford Plummer and Caroline Alice Plummer, but did not state what part, if any, thereof was old type community property, or what part, if any, thereof was new type community property. Apparently, however, the executors assumed that all of the community property was new type community property. Accordingly, in determining the value of Sanford Plummer's gross estate, they included only one-half of the value of the community property. On that basis, they computed and paid an estate tax of $12,727.46.

The Commissioner of Internal Revenue held, in effect, that not less than 80% of the community property was old type community property, that not more than 20% was new type community property, and that, therefore, in determining the value of Sanford Plummer's gross estate, 90% (80% plus one-half of 20%) of the value of the community property was includible. Computed on that basis, the tax on the estate was $34,602.24, instead of $12,727.46. The Commissioner accordingly determined a deficiency of $21,874.78. The executors paid the $21,874.78, with interest of $510.40 —a total of $22,385.18—and filed a claim for refund. The claim was rejected on August 31, 1944.

On July 18, 1946, the executors brought an action against appellee, the United States, to recover the $22,385.18 as having been erroneously and illegally assessed and

1. Horst v. Commissioner, 9 Cir., 150 F.2d 1. See, also, Talcott v. United States, 9 Cir., 23 F.2d 897; Henshaw v. Commissioner, 9 Cir., 31 F.2d 946; Title Insurance & Trust Co. v. Goodcell, 9 Cir., 60 F.2d 803; Hannah v. Swift, 9 Cir., 61 F.2d 307; Hirsch v. United States, 9 Cir., 62 F.2d 128; Gillis v. Welch, 9 Cir., 80 F.2d 165; Devlin v. Commissioner, 9 Cir., 82 F.2d 731; Rogan v. Delaney, 9 Cir., 110 F.2d 336; Gump v. Commissioner, 9 Cir., 124 F.2d 540; Rogan v. Kammerdiner, 9 Cir., 140 F.2d 569.

2. Hannah v. Swift, supra; Hirsch v. United States, supra; Devlin v. Commissioner, supra; Rogan v. Delaney, supra.

3. See 26 U.S.C.A. § 811, 53 Stat. 120, as it existed prior to its amendment by the Revenue Act of October 21, 1942.

4. Talcott v. United States, supra; Henshaw v. Commissioner, supra; Title Insurance & Trust Co. v. Goodcell, supra; Gump v. Commissioner, supra.

5. United States v. Goodyear, 9 Cir., 99 F. 2d 523; Overton v. Sampson, 9 Cir., 138 F.2d 417.

6. Sanford Plummer's will was admitted to probate and letters testamentary were issued to Caroline Alice Plummer and Crocker First National Bank of San Francisco by the Superior Court of Alameda County, California, on June 17, 1941.

collected. Appellee answered, a trial was had, an opinion was filed,[7] findings of fact and conclusions of law were stated, and a judgment was entered dismissing the action. From that judgment the executors appealed. After the appeal was taken, Caroline Alice Plummer died. Her co-executor, Crocker First National Bank of San Francisco, is now the sole appellant.

■ The judgment, in effect, upheld the Commissioner's determination that there was a deficiency of $21,874.78 in respect of the tax on Sanford Plummer's estate. The determination was presumptively correct.[8] The burden of proving it incorrect was on the executors.[9] To sustain that burden, it was necessary to prove that more than 20% of the community property of Sanford Plummer and Caroline Alice Plummer was new type community property. There was no such proof.

■ Appellant points out that Sanford Plummer and Caroline Alice Plummer could have made a contract converting their old type community property into new type community property.[10] However, so far as the record shows, no such contract was ever made.

Sanford Plummer's will contained the following declaration: "I do hereby declare that all of the property owned or possessed by me has been acquired since my marriage to my wife, Caroline Alice Plummer, and the whole thereof is community property of myself and my wife, Caroline Alice Plummer." Appellant contends that the declaration was, in effect, a contract between Sanford Plummer and Caroline Alice Plummer, converting their old type community property into new type community property. There is no merit in the contention; for, regardless of whether the declaration was or was not a contract between Sanford Plummer and Caroline Alice Plummer, it did not convert their old type community property into new type community property. It declared that all

property owned or possessed by Sanford Plummer was community property, but it did not declare that all or any part thereof was new type community property. It said nothing about types of community property and nothing about converting one type into another.

Judgment affirmed.

---

7. Plummer v. United States, D.C.N.D.Cal., 89 F.Supp. 911.

8. Buck v. Helvering, 9 Cir., 73 F.2d 760.

9. Buck v. Helvering, supra; Koshland's Estate v. Commissioner, 9 Cir., 177 F. 2d 851.

10. See §§ 158–160 of the California Civil Code and cases cited in footnote 5.