Robert M. DRYSDALE, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12596.

United States Court of Appeals
Sixth Circuit.

April 9, 1956.

634

Melvin S. Huffaker and Pell Hollingshead, Detroit, Mich., for petitioner.

Charles K. Rice, John Potts Barnes, Ellis N. Slack, John M. Morawski and Grant W. Wiprud, Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

This appeal was heard upon the record, briefs and argument of counsel for the respective parties;

And the Court being of the opinion that certain legal fees, payment of which was made to the taxpayer subsequent to July 1, 1947, the effective date of the Michigan Community Property Act, Comp.Laws 1948, § 557.201 et seq., under a contingent fee contract, was "property * * * owned by him" before the effective date of the Act within the meaning of the Act, in that the legal services had been rendered, final judgments obtained against the United States, and money appropriated for the payment thereof prior to July 1, 1947, and accordingly was taxpayer's separate property instead of community property of the taxpayer and his wife; Roe v. Sears, Roebuck & Co., 7 Cir., 132 F.2d 829, 832; Devlin v. Commissioner, 9 Cir., 82 F.2d 731, 732; See: McGowan v. Parish, 237 U.S. 285, 297–300, 35 S.Ct. 543, 59 L.Ed. 955;

And, being also of the opinion that taxpayer has not brought himself within the provisions of Section 107(a) Internal Revenue Code of 1939, 26 U.S.C.A. § 107(a), for the reasons stated in the Tax Court's opinion; Van Hook v. United States, 7 Cir., 204 F.2d 25, 28, certiorari denied 346 U.S. 825, 74 S.Ct. 42, 98 L.Ed. 350; Sloane v. Commissioner, 6 Cir., 188 F.2d 254, 261, 29 A.L.R.2d 580.

It is ordered that the judgment of the Tax Court be affirmed.