## REGISTER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6877.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1934.

Fred A. Woodis, of Washington, D. C., and Don Register, of Winter Haven, Fla., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, and J. H. Yeatman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

In his 1925 and 1926 returns petitioner, a lawyer, claimed as tax exempt, compensation paid him by the cities of Lake Alfred and Winter Haven, Fla., for legal services rendered. The claim was denied by the Commissioner and by the Board. They thought that the petitioner was neither an officer nor an employee of the cities, but simply a lawyer retained by them as other clients retained him. They thought, too, that in respect to the services for which the compensation was received, he was not an agency through which the sovereign power of the state was being immediately and directly exercised so as to confer immunity.

We agree with them. The burdens of taxation should, and taxing laws are framed so that they will, generally fall equally. All recognize, however, that no general taxing system has ever been devised which will in its generality fall equally on all, subject none to injustice or inequality. To relieve against these injustices it has been found necessary to offset generality by exceptions, and to confer, and to an extent confide in, administrative discretion in interpreting and applying taxing laws. Federal income tax laws and the administrative regulations adopted under their authority present striking examples of this influence. In addition to this reason for exceptional treatment in respect of federal income taxes, there is the reason inherent in our constitutional system. This reason is that the power to tax may be exercised neither by the state against the federal government, nor by the federal government against the state. Each as to the other is sovereign; each has immunity from the other's taxing power. It is settled doctrine, however, that one of a class subject to taxation claiming the benefit of an exemption, whether under law or regulations, or arising out of the want of power to tax, must bring himself exactly within the exception he claims. Producers' Creamery Co. v. United States (C. C. A.) 55 F.(2d) 104; Bank of Commerce v. State of Tennessee, 161 U. S. 134, 16 S. Ct. 456, 40 L. Ed. 645; Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256.

As to the city of Lake Alfred, nothing whatever is shown except that petitioner's engagement was based on an oral understanding, the terms of which are not disclosed.

What petitioner did for that city and under what arrangement does not appear, other than as shown by the income tax returns. These items appear there as received from Lake Alfred: "Fees from bond issues, 1925, $2533. 1926, $1500. General fees, 1926, $200."

As to Winter Haven, the proof shows petitioner's employment as city attorney by resolution accepting his proposal. This was that he receive a retainer of $1,000 a year to cover attendance upon the commission's meetings, the preparation of ordinances of a general nature, and advice rendered from time to time to the commission and city management, with the understanding that for services in connection with bond issue he should receive 1 per cent. of the amount of such issues, and should receive special remuneration for litigated cases, and be paid upon a reasonable basis for work done of an extraordinary nature. The proposal contained this paragraph: "By the arrangement suggested the cost to the city will not be great, because the greater fees come from bond issues, and are in most cases paid from assessments against property specially benefitted."

Petitioner's relation with the city was not official in the sense of a position created by law, or in the sense that an oath of office was required, or that the duties he performed were prescribed by law. In sustaining it and discharging the obligations it imposed he was left largely to his own devices, he exercised his own judgment just as he did in transacting the business of his other clients. Though he had a room in the city hall which he could use when necessary to transact business which could be better done there, in the main his business was done for the city just as his other business was, in his own office, and with his own office force. It is stated, without distinction between the two cities, that their business took from one-third to one-half of his time. The record is silent as to how much of that time was taken on their general business, and how much on bond issues; but if the earnings are any index to the time employed, a very small portion of his time was required for his general duties. It nowhere appears in the record, as it did in Butler's Case (C. C. A.) 49 F.(2d) 52, 55, "that 'during the entire period of employment plaintiff was continuously under the direction and control of the County Commissioners.'" On the contrary, it does not appear that any appreciable part of his time was so employed.

Respondent argues that the case is ruled by Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593; Lucas v. Reed, 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125; our cases, Brown v. Com'r, 55 F.(2d) 1076; Roberts v. Com'r, 44 F.(2d) 168; and by a long list cited from other circuits. Petitioner insists that it is ruled, not by these cases, but by Blair v. Mathews (C. C. A.) 29 F.(2d) 892; United States v. Butler (C. C. A.) 49 F.(2d) 52, 53. We do not think so. Those two cases were ruled by their special facts. Those facts brought the exemption claimed both within the statute, 26 USCA § 1065b, allowing it to officers and employees of a political subdivision of a state, and within the principle "that an agency may be of such a character or so intimately connected with the exercise of a power or the performance of a duty by the one government, that any taxation of it by the other would be such a direct interference with the functions of government itself." Metcalf & Eddy v. Mitchell, supra, page 524 of 269 U. S., 46 S. Ct. 172, 175.

In deciding those cases as we did we laid down no general rule. We did not undertake to, we did not, mark out for other cases the line beyond which the federal taxing power could not go. We recognized that on what side of that line each case would fall must be precisely and separately determined in each case as it arises. Specifically, the Butler Case was not intended to, nor does it, conflict with the rule the Metcalf Case lays down, that private citizens engaged in the general practice of a profession, in the course of which they enter into contracts with the state or its political subdivisions from which they derive a profit, are not, because of that fact alone, exempted from income tax thereon. Nor does it conflict with the rule that proceeds from business connected only remotely with the functions of government, state or federal, will not escape taxation by the other sovereign where the burden imposed by the tax is in its incidence upon government, not immediate and direct, but only consequential and remote. Wheeler Lbr. Co. v. United States, 281 U. S. 572, 50 S. Ct. 419, 74 L. Ed. 1047; Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260; Fox Film Cor. v. Doyal, 286 U. S. 123, 52 S. Ct. 546, 76 L. Ed. 1010; Thomas v. Gay, 169 U. S. 264, 18 S. Ct. 340, 42 L. Ed. 740; Indian Motorcycle Co. v. U. S., 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277; Trinity-

farm Const. Co. v. Grosjean, 54 S. Ct. 469, 78 L. Ed. ——. These cases and the principle deducible from them make it clear that there is a line, thin and legalistic sometimes,[1] but yet plain enough to be seen, marking the limits of tax immunity.

We think it plain that petitioner's case falls on the taxing side of the line. We think it should fall there. To hold moneys which petitioner has earned in the practice of his profession exempt from income tax merely because the client who paid them was a city, would be to set unreasonable bounds to the doctrine of the immunity of the sovereign to press its consequences far beyond the practical necessities of either government.

The petition is denied.

---

[1] The distinction drawn by the majority in Indian Motorcycle Co. v. U. S., 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277, between that case and Metcalf & Eddy v. Mitchell and Lucas v. Howard, supra, all cases dealing with sales to a city, the first of a motorcycle, the last two of architects' and legal services respectively, that in the case of the motorcycle the tax was laid directly on the sale, in the cases of professional services the tax was only by indirection on their sale, is plain enough; but is it a sufficient distinction?