## COCHRAN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10501.

Circuit Court of Appeals, Fifth Circuit.

April 27, 1943.

Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., for petitioner.

Joseph M. Jones, Sewall Key, Helen R. Carloss, and S. Dee Hanson, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

S. H. Cochran petitions for review of a decision of the Board of Tax Appeals sustaining income tax deficiencies assessed against him for the years 1936 and 1937 in the aggregate sum of $5,982.01.

The question for decision is whether commissions received by the taxpayer in 1936 and 1937 for services as Land Agent for Mobile County, Alabama, are exempt from income tax under the provisions of the Public Salary Tax Act of 1939, 26 U.S.C.A. Int.Rev.Code § 22(a), which extended tax immunity for the years in question to amounts received as "compensation * * * as an officer or employee of a State, or any political subdivision thereof". The Board found that Cochran was an independent contractor and therefore taxable on the commissions under Section 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825.

Whether a taxpayer's relationship to a State or political subdivision is that of an officer or employee or that of an independent contractor depends upon the facts of the particular case. Register v. Commissioner, 5 Cir., 69 F.2d 607, 93 A.L.R. 186.

On October 1, 1935, Henry S. Long, State Land Commissioner of Alabama, with approval of the Governor appointed S. H. Cochran "Land Agent for Mobile County" and fixed his commission at ten per cent "on all sales, redemptions, rentals, etc., on all transactions in connection with real estate sold for taxes and bid in for the State". Cochran accepted and shortly thereafter executed a surety bond and took an oath of office before the State Land Commissioner. He was furnished an office in the County Court House at Mobile. Thereafter Cochran continued to supervise three businesses which he owned in Mobile County, but devoted the major portion of his time to activities as Land Agent, and in this connection employed and paid assistants to help him in the work. During 1936 and 1937 he secured redemptions of lands sold for taxes, and with the authorization and approval of the State Land Commissioner compromised tax liabilities. On all rentals, sales, and redemptions he received the agreed ten per cent commission, which commissions amounted to $24,991.31 in 1936, and $12,230.14 in 1937.

The State Land Commissioner required Cochran to furnish him a monthly report of "all money received from rents, land redemptions, and any form of money or taxes received from lands that come under the head and responsibility of the State Land Commissioner, and is submitted to the Judge of Probate. We would like a copy of the record that you send to the Judge of Probate".

By Act approved September 13, 1935, Gen.Acts Ala.1935, pp. 916, 917, the Legislature of Alabama provided:

"Section 1. The State Land Commissioner, with the approval of the Governor, may contract with some person or firm in each county of this State to investigate sales of real property for taxes and bid in for the State, to notify parties at interest

in such real estate of such sales, to secure redemptions of said property, to secure sales of said property subject to sale at private sale by the State.

"Section 2. For such services rendered under the preceding section, the State Land Commissioner may allow fair compensation, to be fixed in the contract, which shall not exceed 10% of the proceeds of such rent, sale or redemption, and shall be paid from the funds so received."

Under the terms of this Act either a person or a firm could be engaged as agent by contract providing for compensation not exceeding ten per cent of the proceeds of rentals, sales, and redemptions. Nowhere in the Act was provision made for such agents to give bond or execute an oath as an employee or officer of the State. The Act, at most, authorized the State Land Commissioner to negotiate a commission contract with a person or firm. By virtue of this Act of authorization, Cochran was serving under contract as an independent contractor and not as an officer or employee of the State. His services lacked the essential elements of a public station. The contract fixed no tenure of employment and provided no certain salary or specific duties. Under the law and the contract executed pursuant thereto Cochran was left largely to his own methods and devices to secure the results expected of him. We think it clear that he was neither an officer nor an employee of the State or one of its political subdivisions, and that the commissions received by him were subject to the income tax. Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Lucas v. Howard, 280 U.S. 526, 50 S.Ct. 87, 74 L. Ed. 593; Lucas v. Reed, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125; Roberts v. Commissioner, 5 Cir., 44 F.2d 168; Register v. Commissioner, 5 Cir., 69 F.2d 607, 93 A.L. R. 186; Rowland v. Commissioner, 40 B. T.A. 11, affirmed, 1 Cir., 115 F.2d 504; Ewart v. Commissioner, 3 Cir., 98 F.2d 649; Meigs v. United States, 1 Cir., 115 F.2d 13; Lohman v. Commissioner, 8 Cir., 133 F.2d 977. Cf. United States v. Butler, 5 Cir., 49 F.2d 52.

The Public Salary Tax Act of 1939 does not, and was not intended to, exempt from taxation such income as that received by the petitioner under the facts disclosed in this record.

The decision of the Board is affirmed.