## MILLER v. McCAUGHN, Collector.

Circuit Court of Appeals, Third Circuit.
June 20, 1928.

No. 3785.

Internal revenue ☞7(27)—Compensation of auditor appointed by orphans' court to ascertain financial worth of surety companies, paid by sureties, held taxable by federal government.

Compensation of auditor appointed by orphans' court to ascertain and report financial worth of surety companies, whose bonds were tendered to said court by guardians, administrators, etc., and which was paid wholly by surety companies, *held* not exempt from taxation by federal government, on theory that he was an officer or employee of state, or political subdivision thereof.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by Philippus W. Miller against B. D. McCaughn, Collector. Judgment for defendant (22 F.[2d] 165), and plaintiff brings error. Affirmed.

Samuel Galt Birnie, of Philadelphia, Pa., for plaintiff in error.

Martin W. Goldsworthy, of Washington, D. C.; George W. Coles, U. S. Atty., of Philadelphia, Pa., and C. M. Charest, of Washington, D. C., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Philippus W. Miller brought suit against the collector to recover income tax which he alleged he was wrongfully forced to pay. Jury having been waived, the trial judge found a verdict in favor of the collector, whereupon the plaintiff brought the case to this court for review.

The facts, which are undisputed, are that the judges of the orphans' court in Philadelphia, having occasion to be advised as to the financial worth of surety companies whose bonds were tendered to said court by guardians, administrators, etc., appointed Mr. Miller, who was a member of its bar, a standing auditor to ascertain and report the financial worth of such companies as should apply to the court to so furnish surety bonds. No statute of Pennsylvania authorized such appointment, and Mr. Miller received no pay from the state. His services were paid from a fund contributed by applying surety companies. The income tax on the pay thus received was collected from him by the government. This he now seeks to recover on the ground that he is an official of the state, and as such is not subject to federal income tax. On the other hand the government contends he does not come within the income exemption provision which is of "an officer or employee of any state or political subdivision thereof."

We agree with the government's contention and the finding of the trial judge. The exemption of state employees from federal income tax rests on the ground that the agencies the state employs in government should not be burdened by federal taxes, which would lessen the state's power to employ, and compel it to pay more for the services of its employees. But no such reason exists in the case of this examiner. No power of the state is crippled or lessened by his paying tax on his income. Neither the state nor the court pay Mr. Miller. Under modern conditions, these companies become sureties for pay, and as part of their business expense, and in order to obtain business, they provide a fund by which the court can be satisfied, through the services of an examiner or auditor, of their solvency, and in no sense can such examiner be regarded, for income tax exemption, as an officer or employee of the state of Pennsylvania.

So regarding, the judgment below is affirmed.