## BUCKNER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 301.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

George E. Cleary, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The petitioner, a member of the Bar of New York City, and engaged in general practice, was designated on April 6, 1928, a Special Assistant Attorney General of the State of New York, and continued as such until 1930. He conducted an investigation, and criminal prosecutions followed. The Governor of the State called an extraordinary special and trial term of the Supreme Court for Queens County, N. Y., to inquire into wilful and corrupt misconduct of public officers in that county. In pursuance of that designation, the petitioner conducted proceedings before the grand jury which resulted in indictments, and later tried and obtained convictions against persons indicted. In 1930, he was paid $30,000 for his services to the state, for which amount he claimed exemption from federal income tax in his tax return for the year 1930.

Pursuant to section 62 of the New York Executive Law (Consol. Laws, c. 18), the Governor of the State had required the Attorney General to attend in person, or by one of his assistants or deputies, an extraordinary special and trial term of the Supreme Court, superseding the county district attorney. Petitioner was selected by the Attorney General as the assistant or deputy to appear in his place. Petitioner took the oath prescribed by the State Constitution (article 13, § 1), to faithfully discharge the duties of Special Assistant Attorney General. He conducted the investigation and presented charges to the grand jury which returned an indictment. He obtained convictions, and conducted the case on appeal. An office for petitioner and his assistants was provided by the Attorney General of the State. The services did not occupy his entire time, and he did not detach himself from the law firm in which he was a partner.

The question presented is whether the compensation received by a Special Assistant Attorney General of the State of New York, engaged to prosecute particular criminal actions, is subject to federal income tax. Immunity from such tax depends upon the question of whether or not the petitioner was a state officer or an employee of the state, and, if not, upon whether or not the compensation received is nevertheless immune from taxation because the petitioner was a state instrumentality engaged in the performance of an essential governmental function.

No act of Congress grants immunity from federal taxation to the petitioner. Section 22 (a) of the Revenue Act of 1928 (chapter 852, 45 Stat. 791, 26 USCA §

2022 (a), which defines "gross income," embraces income derived from "compensation for personal service, of whatever kind and in whatever form paid." Treasury Regulation 74, Art. 643, dealing with compensation of state officers and employees, exempts pay received by them for services rendered in connection with the exercise of an essential governmental function of the state or political subdivision, and states that: "An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary."

In Helvering v. Powers, 293 U. S. 214, 55 S. Ct. 171, 173, 79 L. Ed. ——, the court observed: "This language [the statute] is certainly broad enough to embrace the compensation of the [petitioner], and the immunity, if it exists, must rest upon constitutional limitation. The Treasury Regulations, manifestly in an effort to interpret and apply that limitation, provide for exemption from taxation of compensation paid by a state or political subdivision to its officers and employees only in case their services are rendered 'in connection with the exercise of an essential governmental function.'" Petitioner, in consequence, is immune from federal taxation only if the imposition of tax would be unconstitutional. In Helvering v. Powers, supra, the federal taxation of compensation received by state officers appointed to operate a street railway system was held constitutional because the nature of the state's activity constituted a departure from usual governmental functions and was a business to which the federal taxing power would normally extend. Petitioner's case is the converse of the Powers Case. In the Powers Case the taxpayers were officers of the state, but the state was not exercising a usual governmental function. In the instant case, the taxpayer was not an officer of the state, but the state was exercising not only a usual, but an essential, governmental function.

The reasoning in Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 173, 70 L. Ed. 384, we think, establishes that the petitioner was not an "officer" of the state. That case concerned the right of the Federal Government to tax the compensation received by consulting engineers engaged to act as such by the state. It was held that they were not officers because: "They took no oath of office; they were free to accept any other concurrent employment; none of their engagements was for work of a permanent or continuous character; some were of brief duration, and some from year to year, others for the duration of the particular work undertaken. * * * An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law." The essential elements of a public station were stated to be "permanent in character, created by law, whose incidents and duties were prescribed by law." The nature of petitioner's employment closely resembles that of the engineers in the Metcalf & Eddy Case. The petitioner was free to accept concurrent employment; his engagement was not for work of a permanent or continuous character, but only for the duration of the particular case or investigation which he was engaged to prosecute. Permanency was lacking, as was any fixed compensation to be received. It is true that he took an oath of office, but this alone is not sufficient to make him a public officer.

Petitioner's case cannot be distinguished from Lucas v. Reed, 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125, and Commissioner v. Murphy, 70 F.(2d) 790, 791 (C. C. A. 2). In Lucas v. Reed, supra, the taxpayer was designated by the Attorney General of Pennsylvania to represent the commonwealth in certain litigation, and received compensation for such service. The court held, upon the authority of Metcalf & Eddy v. Mitchell, supra, and Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593, that the taxpayer was not immune from federal taxation. In Commissioner v. Murphy, supra, the taxpayer received compensation for services rendered as a Special Assistant Attorney General of the State of New York. He took an oath of office and was free to accept concurrent employment. We held that the taxpayer did not satisfy the test of the Metcalf & Eddy Case, supra, and said: "It is true that he took an oath of office, but this can scarcely be deemed conclusive, and particularly where, as here, it does not appear that he was required by law to do so. * * * He had no position of permanent or continuous tenure, was

free to carry on concurrently his general law practice, and was employed for a single litigation."

The petitioner here was appointed under the same authority. But petitioner contends that he is exempt from federal taxation even if not an officer, because he was an instrumentality used by the state in the exercise of its essential governmental functions. In Metcalf & Eddy v. Mitchell, supra, the court said: "Just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application. But this court has repeatedly held that those agencies through which either government immediately and directly exercises its sovereign powers, are immune from the taxing power of the other. * * * When, however, the question is approached from the other end of the scale, it is apparent that not every person who uses his property or derives a profit, in his dealings with the government, may clothe himself with immunity from taxation on the theory that either he or his property is an instrumentality of government within the meaning of the rule. * * * While it is evident that in one aspect the extent of the exemption must finally depend upon the effect of the tax upon the functions of the government alleged to be affected by it, still the nature of the governmental agencies or the mode of their constitution may not be disregarded in passing on the question of tax exemption. * * * It is on this principle that, as we have seen, any taxation by one government of the salary of an officer of the other * * * is prohibited." In Burnet v. McDonough, 46 F.(2d) 944 (C. C. A. 8), the court recognized that an individual rendering services to a state or political subdivision thereof does not belong to the class of state agencies exempt from federal taxes unless he has acquired the status of an officer or an employee. There a lawyer engaged to act as counsel for a bridge district on a yearly salary, plus additional compensation, while he maintained his own office and practice, was not tax exempt, for it was held he was an independent contractor and not an employee.

To establish immunity from taxation by the Federal Government, petitioner must establish something more than that he was a state instrumentality. Register v. Commissioner, 69 F.(2d) 607, 93 A. L. R. 186 (C. C. A. 5); Burges v. Commissioner, 69 F. (2d) 609 (C. C. A. 5); Roberts v. Commissioner, 44 F.(2d) 168 (C. C. A. 5). In Haight v. Commissioner, 52 F.(2d) 779 (C. C. A. 7), exemption was denied to a special attorney for the Chicago Sanitary District because he was held to be an independent contractor rather than an officer or employee. Where the taxpayer is an independent contractor rather than an officer or employee, to tax his compensation does not impair, in any substantial manner, the ability of the petitioner to discharge his obligation to the state or the ability of the state to procure the services of private individuals to aid them in their undertakings. Metcalf & Eddy v. Mitchell, supra; Commissioner v. Modjeski, 75 F.(2d) 468, 471 (C. C. A. 2).

Under the test thus provided by authoritative decisions, the petitioner was not an officer nor was he an employee of the state; rather he was a "private citizen" engaged in the general practice of his profession in the course of which he entered into a contract with the state, from which he has derived a profit. And, "In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way." Metcalf & Eddy v. Mitchell, supra. As we noted in Modjeski v. Commissioner, supra: "The basis of the rule of exemption is to leave each government free from undue interferences by the other. Taxation by either government unavoidably has some effect on the other. And so, in the cases where the courts have held the taxpayer to be an independent contractor while the state was engaged in a usual governmental function, the taxpayer was held not to be tax exempt."

The petitioner was not an officer or employee of the state, and the compensation he received from the state is not exempt from federal income tax.

Determination affirmed.