## MEDALIE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 324.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

George Sylvester, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This petition involves a deficiency in income tax for the year 1928. Petitioner was designated a Special Assistant Attorney General to conduct an inquiry, and later presented evidence to the grand jury of Albany county, N. Y., which resulted in an indictment. He tried the person under the indictment as Special Assistant Attorney General, duly designated, and obtained the conviction of a public office holder. He was allowed compensation, which was paid by Albany county, a political subdivision of the state of New York.

The petitioner was a practicing lawyer in New York City when, on March 10, 1928, he was designated by the Attorney General of the State of New York as Special Assistant Attorney General (sections 62, 65, Executive Law of the State of New York [Consol. Laws N. Y. c. 18]). His appointment was due to the call by the Governor of an extraordinary and special term of the Supreme Court for Albany County. After designation he took an oath to support the Constitution of the United States and of the State of New York.

The bases for immunity from federal taxation urged by the petitioner are similar to those presented in the case of Buckner v. Commissioner (C. C. A.) 77 F.(2d) 297 decided this day. Both were in like position. The petitioner here was free to continue his practice concurrently with discharging the duties of Special Assistant Attorney General.

For the reasons stated in the case of Buckner v. Commissioner, we hold that the compensation received by this petitioner was not immune from federal income tax.

Determination affirmed.