In the Matter of the Estate of AUGUSTUS MACKENZIE, Deceased.

Surrogate's Court, Kings County, June 10, 1935.

*Purdy & Purdy*, for Augustus Mackenzie, Jr.

*Daniel G. Connolly*, for Ethel Brown Mackenzie and others.

*Foley & Martin*, for Frederick J. Mackenzie and another.

*Sullivan & Cromwell*, for the temporary administrator.

*Frederick A. Keck*, special guardian for Donald Mackenzie.

*Herbert Peake*, special guardian for Augustus Mackenzie, Jr., and another.

WINGATE, S. This is an application by the special guardian of an infant for the payment to him of the sum of $7,500 on account of his services in that capacity, together with the further sum of $500 for disbursements alleged to have been necessarily made or incurred.

The proceeding is a contested probate. The estate involved admittedly exceeds half a million dollars in gross value. The decedent was survived by a widow, a daughter and three sons, one of whom died intestate shortly after the death of his father leaving a widow and three infant children. The widow was appointed administratrix and she and the widow and daughter of the principal decedent have contested the will of the latter. Two special guardians were appointed to represent the interests of the three infant children of the deceased son, and one of them, representing Donald Mackenzie, Jr., who is the present applicant, has joined in the contest, and has wielded the laboring oar in its prosecution.

It is made to appear that he has been retained as trial counsel by all of the other adult contestants, and in their combined interests has expended $81.38 for the stenographer's minutes of the abortive trial which has already been had and which ended in a disagreement, and $25 for miscellaneous expenses, and has obligated himself to the extent of $400 for medical testimony.

It is further alleged and stands uncontroverted that all of the contestants are without funds to prosecute the contest and that the

applicant and the attorneys of record of the adult contestants are acting on a purely contingent basis.

The services of the applicant in the conduct of the contest have admittedly been arduous, exacting and ably performed, but this affords no ground, even were such a course permissible under existing rules of law, for the transfer to the estate of this decedent of the entire onus of the expense of the contest which is primarily and preponderantly for the benefit of others than the infant represented by the present applicant. Whereas the aggregate estate involved is generous in size, the total benefit obtainable by this infant, in the event that the contest were completely successful, would be only one-twenty-seventh of the estate, or a net sum probably not exceeding $15,000.

To award to the special guardian $7,500 " on account of his services," plus an additional $500 for the disbursements of all contestants, is absolutely unthinkable, and even if discretionary with the court, would involve so gross an abuse of discretion as to richly deserve the prompt reversal which it would unquestionably receive on appeal.

The respondents on this application have advanced many and weighty arguments as to why the application should be denied, both as a matter of law and of discretion. On the latter phase, the foregoing amply demonstrates the full agreement of the court with their result.

On the question of the power of the court in this connection, it also agrees fully with their views although not necessarily concurring in the reasons advanced for that result.

In its recent opinion in *Matter of Manzi* (*Tietjen*) (155 Misc. 670) this court attempted an analysis of its powers pursuant to sections 275 to 281, inclusive, of the Surrogate's Court Act, to award costs, allowances and disbursements in proceedings before it. This analysis demonstrated to its own satisfaction at least, that no authority exists for the allowance of any disbursements prior to the termination of a proceeding, except to authorize the furnishing to contestants of a copy of the minutes of trial if satisfied of the *bona fides* of the contest, and that with this exception, no disbursements are ever allowable by it beyond those permissible in the Supreme Court except to an acting fiduciary of an estate in this court, to an executor named in a will or to a party to a construction proceeding. It follows, therefore, that the applicant's prayer for the award of $25 for unidentified disbursements and $400 for medical witnesses must be denied not merely as premature, but because no right to such refund either to him or to any of the other contestants will ever mature.

Section 280 of the Surrogate's Court Act authorizes the payment to be made to a special guardian for an infant or incompetent of "a reasonable compensation for his services." The time for the making of such allowance is not limited by the statute, wherefore it is presumably payable at any time which the surrogate in his discretion deems proper.

The reasonable exercise of this discretionery power is indicated by the nature of the office which the special guardian occupies. He is, in effect, merely an attorney appointed to protect the interests of his ward in the litigation in which he is appointed. (*Matter of Palestine*, 151 Misc. 100, 104, and authorities cited.) As a result, his relations to the case in which he is employed, including the compensation which may properly be awarded him for his services, is on no different basis from that which would exist were he regularly retained by an adult client on a *quantum meruit* basis, with an agreement of payment of the reasonable value of his services irrespective of the ultimate result of the litigation for the conduct of which he was retained.

The determination of the sum properly payable to him, therefore, approximates with almost complete exactness a decision respecting the sum which would be allowable to an ordinary attorney in this court on an application for fixation of compensation under section 231-a of the Surrogate's Court Act.

The factors possessing cogency in any such evaluation have been repeatedly stated by this and other courts, and include the standing of the attorney, the amount of time necessarily occupied on behalf of the client, the result attained and the amount involved in the controversy. (*Matter of Spanier*, 148 Misc. 879, 883; affd., 241 App. Div. 615; *Matter of Sharp*, 140 Misc. 427, 433.) (See, also, *Matter of Burroughs*, 155 Misc. 237, 239.)

In the present case the sole ultimate question in issue, so far as the award of this applicant is concerned, is whether or not he is to receive the sum of $15,000 from this estate. So far as he and this special guardian are affected, the amount in controversy is limited to this sum. The present application seeks an allowance of fifty per cent of this possible total " on account " of services, which carries with it the implication of a right to a further payment on the termination of the proceeding. The court has had occasion to observe that a retainer providing for a fifty per cent payment to an attorney even where the retainer is on a contingent basis is *prima facie* unreasonable, and is ordinarily viewed with suspicion. (*Matter of Uravic*, 142 Misc. 775, 777.) *A fortiori* would this be so where, as here, the obligation for remuneration is absolute and not contingent.

Without unduly prolonging the analysis of the situation, it may be said that whereas it would appear to be within the discretionery power of the court to award compensation to a special guardian prior to the termination of the proceeding for which he was appointed, the court cannot presently conceive of any situation in which it would deem the exercise of such authority either wise or expedient, if for no other reason than because the important element in the evaluation of the service respecting the result attained would be impossible of ascertainment at such time.

In the present instance the *bona fides* and reasonableness of the contest has been demonstrated by the seven-day trial and the fact that the jury split on the question of whether or not the objections to probate should be sustained. The court will accordingly exercise the authority accorded it by the last sentence of the second paragraph of section 278 of the Surrogate's Court Act and will allow a copy of the minutes of the trial to be furnished to the contestants at the expense of the estate. Since these minutes have already been obtained and payment therefor personally made by the special guardian, the refund to him of their cost, in the sum of $81.38, will be directed. In all other respects the application is denied. No costs of this motion will be allowed.

Enter order on notice.