In the Matter of the Estate of JOSEPH SCHRIER, Deceased.

Surrogate's Court, Kings County, November 7, 1935.

Corner, Bell, Russell & McNulty, for the petitioner Manufacturers Trust Company.

Irving Schneider, for the petitioner Harold Schrier.

William C. McCreery, special guardian.

WINGATE, S. The present incidental application to remove the special guardian appointed to protect the interests of contingent infant remaindermen is extraordinary, if not, indeed, unprecedented.

The main proceeding is one by a corporate cofiduciary for leave to resign on the ground that the actions of one of its coexecutors and cotrustees have been such as to endanger the assets of the estate and render it perilous for the petitioner to continue in its fiduciary capacity.

Among other improper acts alleged was that the cofiduciary laid personal claim to certain stocks which, in reality, belonged to the estate, and was identified in the management of a close corporation, a minority stock interest in which was the main asset of the estate, and that he was using his position to divert profits of this corporation, which were rightfully due the estate, to others.

These charges were most serious and the questions raised in the proceeding were sent to a referee to hear and report and the present respondent was appointed special guardian to protect the interests of the infants, which, if the allegations of the corporate fiduciary are true, were placed in serious jeopardy by the actions of the individual fiduciary in question.

The latter now complains that the special guardian has failed to preserve that impartiality and judicial calm which he deems proper in such a functionary and that he has become a plainly outspoken protagonist of the contentions which, if ultimately established, would result in the maximum benefit to the infants whose interests he was appointed to protect.

The gravamen of the complaint demonstrates merely the misunderstanding of the present applicant of the functions of a special guardian. He is, to be sure, in a sense a representative and officer of the court which appoints him, but this is strictly limited by the duties which he is called upon to perform, which are to protect the interests of wards of the court whose conservation is enjoined upon it. He is in no particular a judicial officer if that phrase is given the connotation of one who is called upon to weigh the merits of the proceeding and pass on the rights of the respective litigants.

On the contrary, so long as his wards possess any potential rights, it is the duty of the special guardian to protect and advance those rights by every honorable means and expedient which is known and available to him, under penalty, if he proves derelict in the performance of his duties, that he may subsequently be compelled to respond in damages to his wards for his failure adequately to protect the rights which they possessed.

So far as concerns his relation to the litigation for which he is appointed, he acts purely and solely as the attorney for the particular persons whose interests he is designated to protect. (*Matter of Palestine*, 151 Misc. 100, 104; *Matter of Mackenzie*, 155 id. 822, 825.) The assertion, therefore, of strong partisanship on behalf of his statutory clients, far from being an aspersion, amounts to a recommendation.

Were the attorney for the present applicant to demonstrate half-heartedness in his defense or prosecution of the rights of the latter, the court would anticipate a prompt submission of an application for a substitution of attorneys. Similarly, were any demonstration to be made that one of the special guardians appointed by this court was derelict in pressing the rights of his ward, his removal would be prompt and summary.

A reading of the record demonstrates that the friction between the cofiduciaries has generated a plethora of heat. The interests of the infants appear to coincide quite closely with those of the corporate fiduciary. It is, therefore, not surprising that the attorney whose duty it is to advance and protect their interests should collaborate with the latter and not with its opponent, or that he should not remain wholly frigid at a time when all those associated with and opposed to him in the litigation are burning with wrath.

Nothing in the conduct of the special guardian has been called to the attention of the court which would merit a rebuke were he a privately employed attorney and his conduct in this regard is to be viewed from no other standpoint.

The application is accordingly denied, with costs.

Enter order on notice.