## HELVERING v. CURREN.
### No. 325.

Circuit Court of Appeals, Second Circuit.
June 14, 1937.

Howard P. Locke, of Washington, D. C., for appellant.

John W. Townsend, of Washington, D. C., and Hector McGowan Curren, of Brooklyn, N. Y., pro se, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The only question involved in this appeal is whether the fixed statutory salary of the counsel for the County Clerk of Kings County, New York, is exempt from taxation under Article 643 of Regulations 77. The taxpayer is an attorney and counsellor at law living in Brooklyn, appointed as counsel to the County Clerk under section 6 of chapter 704 of the Laws of 1901 of that State, which gives County Clerks power to appoint and remove "deputies, clerks and other employes and assistants in his office" and to "prescribe and regulate their respective duties." The county clerk appointed him by formal certificate and he took the constitutional oath of office; the statute fixed his salary at $4,500 for the year 1932, but reduced it in 1933. He might, and did, engage in outside practice and earned a substantial income by doing so; but he was always at the call of the County Clerk for advice, legal or administrative; and at times he advised the justices of the Appellate Division and their clerks, and the clerks of the Supreme Court and of the County Court. His duties were not specified in detail; they covered anything connected with the office which raised a question of law; he was subject to no direction by the County Clerk himself in their discharge.

The Commissioner recognizes that a County Clerk's work is "essentially governmental," and bases his defence upon the theory that the taxpayer is not an "employee," but an "independent contractor," like the engineers in Metcalf v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, and Commissioner v. Modjeski, 75 F.(2d)

468 (C.C.A.2) ; and the lawyers in Buckner v. Commissioner, 77 F.(2d) 297 (C.C.A.2), and Commissioner v. Murphy, 70 F.(2d) 790 (C.C.A.2). A tax does not as such impede state officials in the performance of their duties; it can scarcely be said to invade the state's sovereignty, save as it may require the official's salary to be correspondingly raised. Even that would seem to be generally an "indirect" result, for the rise need not inevitably follow; the incumbent might accept the cut rather than throw up his position. But, assuming as we must that it does trench upon the state's prerogatives, it is hard to see why a tax upon an "independent contractor" is as not likely to come out of the state treasury as one upon an "official," or "employee." The taxes a contractor must pay he ordinarily adds as a cost, except when competition prevents, and all bidders are equally liable to the income tax. And yet the fact that the taxpayer is such a contractor has certainly been used as a test. The phrase is not easy to apply, especially to this situation, which is so different from that for which it was contrived; i. e., to limit imputed liability for the torts of a subordinate. The definitions of it which have been attempted are not true definitions at all; they merely mention those factors which the courts ordinarily take into account; as good a summary of these as any is in section 220 of the Restatement of Agency. The Commissioner quite naturally seizes upon the factor of control by the supposed principal over the subordinate as the work progresses, saying truly that here the clerk had no control whatever over his counsel; perhaps not even as much as a client has over a law-suit. But two very recent cases have disposed of that argument in holding immune officials who were quite as independent of control as the taxpayer here (New York ex rel. Rogers v. Graves, 299 U.S. 401, 409, 57 S.Ct. 269, 272, 81 L.Ed. ——; Brush v. Commissioner, 300 U.S. 352, 57 S.Ct. 498, 81 L.Ed. ——) ; and it is now settled, whatever the reason, that one may be entirely self-directed and still be an "official." On the other hand, one could hardly be an "independent contractor," if one were merely engaged to assist in the routine of a public office, and held by a tenure measured by time, and not by the completion of some specified work. That is the test used in the Regulations: "the tenure" of an "official" must be "continuous and not temporary," his duties are not to be "established * * * by agreement."

Similarly an "employee" is one whose services are "prescribed," but whose work is not "the accomplishment of specific objects." It is not therefore the absoluteness of the superior's control that counts; rather, how far the engagement is by the job—piece-work, so to say. In the case at bar the taxpayer was as much an "official" as the clerk himself, at whose side he must constantly be to assist him in the ordinary discharge of his duties.

Order affirmed.