## SAXE v. SHEA. *
### No. 75.

Circuit Court of Appeals, Second Circuit.
July 5, 1938.

Williams & Saxe, of New York City (Thomas D. Thacher and Richard H. Demuth, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., and Edward J. Ennis, Atty., Department of Justice, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges..

SWAN, Circuit Judge.

The question presented by this appeal is whether compensation received by an attorney at law for services rendered as referee or special guardian pursuant to appointment by courts of the state of New York, is exempt by statutory provision or constitutional immunity from taxation by the United States.

During the years 1924, 1925 and 1926, the Supreme Court of the state of New York and the Surrogate's Court of the county of New York, from time to time appointed the appellant to act in specific cases as referee or special guardian. Each appointment was made by an order entered in a pending action or proceeding. The appellant accepted such appointments, took the required oaths, performed the services, and received such compensation therefor as the appointing court directed to be paid him. It was paid either out of the estate or fund under the court's control or by the parties to the action or proceeding. No part of it was paid by the state of New York. Concurrently with the services above mentioned the appellant carried on his private practice of law. In his income tax returns for the years in question, he included as taxable income the compensation received as referee and special guardian, and paid the taxes assessed thereon. Thereafter he filed timely claims for refund and, upon their rejection, began this action. The district court dismissed the complaint on the merits.

*Writ of certiorari granted 59 S.Ct. 154, 83 L.Ed. —.

With respect to taxes for the years 1924 and 1925 (but not to those for 1926) there is a statutory exemption of "compensation for personal services as an officer or employee of any State or political subdivision thereof." Revenue Act of 1926, sec. 1211, 44 Stat. 130; see also 38 Stat. 168; 39 Stat. 759; 40 Stat. 330. Although the appellant's main contention rests upon a claim of constitutional immunity as a state agency or instrumentality exercising essential governmental functions, he apparently relies to some extent, with respect to the years 1924 and 1925, upon the express statutory exemption in favor of a state officer. But the Treasury Regulations (Reg. 65, Art. 88 applicable to the years 1924 and 1925, and Reg. 69, Art. 88 applicable to 1926) have defined "officer", and the appellant is unable to bring himself within that clause of the definition which requires the position to be one "the tenure of which is continuous and not temporary." Neither as referee nor as special guardian did the appellant hold a position of continuous tenure; he was appointed ad hoc in each specific case and his duties ended when his work in that case was done. Clearly he was not an "officer" as defined by the regulations; nor was he an officer as defined by the Supreme Court under a prior act. See Metcalf & Eddy v. Mitchell, 269 U.S. 514, 520, 46 S.Ct. 172, 70 L.Ed. 384. There is no contention that he was an "employee" of the state. His compensation is not within the statutory exemption.

The appellant's main contention is that as referee and guardian he acted as a state agency or instrumentality exercising essential governmental functions, and that the federal government is subject to an implied constitutional restriction against taxing such an agency, as the Supreme Court first decided in Collector v. Day, 11 Wall. 113, 20 L.Ed. 122, where the salary of a state officer, a probate judge, was held immune from federal income tax. That principle we accept as still the law; but as the Supreme Court pointed out in its most recent pronouncement on this subject, that Court "has refused to enlarge the immunity substantially beyond those limits marked out in Collector v. Day, supra." Helvering v. Gerhardt, 58 S.Ct. 969, 974, 82 L.Ed. ——, handed down May 23, 1938. In that opinion Mr. Justice Stone noted particularly that the immunity is narrowly restricted in cases where the burden of a tax, collected not from a state treasury but from individual taxpayers, is said to be passed on to the state. His language is as follows: "In these cases the function has been either held or assumed to be of such a character that its performance by the state is immune from direct federal interference; yet the individuals who personally derived profit or compensation from their employment in carrying out the function were deemed to be subject to federal income tax."

He then proceeds to discuss two guiding principles of limitation for holding the tax immunity of state instrumentalities to its proper function; the second of which, exemplified by those cases where the tax laid upon individuals affects the state only as the burden is passed on to it by the taxpayer, "forbids recognition of the immunity when the burden on the state is so speculative and uncertain that if allowed it would restrict the federal taxing power without affording any corresponding tangible protection to the state government; even though the function be thought important enough to demand immunity from a tax upon the state itself, it is not necessarily protected from a tax which well may be substantially or entirely absorbed by private persons."

This limiting principle we believe to be controlling of the case at bar. None of the appellant's compensation came from the state treasury; it was paid by the parties litigant or out of an estate under the court's control. By no possibility can the imposition of the tax increase to the state the cost of administering justice. Conceivably an income tax upon the salary of a judge paid from the state treasury may require the official's salary to be correspondingly raised in order to obtain his consent to serve and thereby increase the cost to the state of its judicial department. Cf. Helvering v. Curren, 2 Cir., 90 F.2d 621, 622. But this cannot happen in the case of a referee or special guardian whose compensation is paid by the litigants. The tax upon such compensation will be absorbed by the taxpayer without effect upon the state, as fully as the tax upon that part of his income arising from his professional employment as an attorney at law. In the light of the Gerhardt opinion we believe that the source of the appellant's compensation is alone enough to defeat his claim of constitutional immunity from federal income taxes, although prior to that decision the lower courts had expressed divergent views on this question. See Harman v. Helvering, 2 Cir., 90 F.2d 622, 623; Miller v. Mc-

Caughn, 3 Cir., 27 F.2d 128; New York Trust Co. v. United States, 63 Ct.Cl. 100, certiorari denied, 274 U.S. 756, 47 S.Ct. 767, 71 L.Ed. 1336. See, also, Helvering v. Therrell, 303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758, decided February 28, 1938, where the opinion by Mr. Justice McReynolds stresses the fact that the compensation of the taxpayers was paid from corporate assets—not from funds belonging to the state. Consequently it is unnecessary to enter into a discussion of various arguments advanced by the appellee to prove that the appellant did not act as a state "agency or instrumentality" at all, or to differentiate between his services as referee and as special guardian, although concededly his claim with respect to compensation received in the latter capacity is much weaker. See In re Mackenzie's Estate, 155 Misc. 822, 280 N.Y.S. 653, 656; In re Schrier's Will, 157 Misc. 310, 283 N.Y.S. 233; Buckner v. Com'r, 2 Cir., 77 F.2d 297.

Judgment affirmed.