## COMMISSIONER OF INTERNAL REVENUE v. CHURCH.

No. 6829.

Circuit Court of Appeals, Third Circuit.

March 28, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Howard P. Locke, and Berryman Green, Sp. Assts. to Atty. Gen., for petitioner.

Arthur F. Egner, of Newark, N. J., for respondent.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

DAVIS, Circuit Judge.

There are two questions involved in this appeal. The first is whether or not this court has jurisdiction to review the order of the Board of Tax Appeals in this case, and the second is whether or not the compensation received by Alonzo Church, deceased, as a master and special master of the Court of Chancery of New Jersey, for the year 1933, is taxable under the federal income tax law.

As to jurisdiction, it appears from the record that the decedent failed to file an income tax return for the year 1933; that a return dated March 1, 1935, was prepared for him by an internal revenue agent and marked "3176 R. S. Delinquent"; that this return was signed by the deputy collector and by the revenue agent; that it

was filed in the office of the collector of internal revenue, at Newark, New Jersey, on March 2, 1935, and that on August 20, 1935, an amended and corrected return was prepared and signed by the commissioner of internal revenue, though it does not appear that this latter return was ever filed at Newark.

Section 3176 of the Revised Statutes (26 U.S.C.A. § 1512) provides in part as follows:

"(a) Authority of collector. If any person fails to make and file a return * * the collector or deputy collector shall make the return * * * from his own knowledge and from such information as he can obtain * * *.

"(b) Authority of Commissioner. In any such case the Commissioner may, from his own knowledge and from such information as he can obtain * * *.

"(1) To make return. Make a return, or

"(2) To amend collector's return. Amend any return made by a collector or deputy collector."

Since the original return bore the signature of the deputy collector, it will, in the absence of compelling reasons to the contrary, be considered as a compliance with the terms of the statute. Section 3176, R.S. As the original return was filed in due course, the subsequent return, prepared by the commissioner, will be considered as an amended return within the provisions of subsection (b) (2) of the Act.

Under the facts in this case, it would appear that this court has jurisdiction of the cause for a decision of the Board of Tax Appeals is reviewable by the Circuit Court of Appeals for the circuit in which the collector's office to which return was made, is located. Section 1002 of the Revenue Act of 1926, as amended by section 519 of the Revenue Act of 1934, 26 U.S. C.A. § 641(b).

The second question is whether or not the taxpayer's income as master and special master in Chancery of New Jersey was taxable. He was appointed to such position for life by the Chancellor. Before entering upon his duties he took the required oath of office. His duties were prescribed by statute. He presided over divorce cases, over cases involving the sale of the land of infants, over cases involving the auditing of the accounts of

trustees and receivers, at the sale of mortgaged premises where the sheriff was not authorized to serve, and over other proceedings referred to him by the Chancellor. He had the power as master and special master to subpoena witnesses and conduct hearings in accordance with the rules of chancery. He made "advisory" reports upon the cases heard by him which, when adopted by the Chancellor, became the decisions of the Court of Chancery. Such decisions are appealable directly to the Court of Errors and Appeals, the court of last resort in the state.

The taxpayer's compensation, as master and special master, was made up of fees which arose out of the individual cases over which he presided. The fees were fixed and determined by statute or by the rules of court, and were paid either directly or indirectly (depending upon the type of case) by the parties involved. In divorce cases, for example, the fees were paid by the litigant to the clerk of the court and then by the clerk to the taxpayer but in cases involving the auditing of the accounts of trustees or receivers, the fees were paid directly to the taxpayer by the trustee or receiver, and in most other types of cases, the fees were paid directly to him by the litigants.

During 1933, the taxpayer received $5,-571.43 in fees as compensation for services in the capacity of master, in causes which involved, almost entirely, the foreclosure of mortgages, and as special master he received fees amounting to $3,567.10, making a total of $9,138.53.

Though he was entitled to engage in private practice in addition to his duties as master and special master, and maintained a law office and secretary for this purpose, his time was so taken up with his official duties that he did very little outside work.

Believing that his fees as master and special master were exempt from federal taxation, and as his net income from other sources was less than his personal exemption, he did not file a federal income tax return in 1933. Consequently, as stated above, a return and amended return were prepared for him by the revenue agent, deputy collector and commissioner. In both returns, the fees received by the taxpayer as master and special master were included as taxable income, which resulted in a deficiency of $207.83 and a penalty for delinquency of $51.96.

The Board of Tax Appeals, to which the taxpayer appealed, held that the $9,138.53 in fees received by the taxpayer as master and special master was exempt from federal income tax and filed an order of redetermination stating that "there is no deficiency in income tax and no penalty for the year 1933". The commissioner thereupon filed with this court a petition to review the decision of the Board in so far as it held that the taxpayer was not liable ·for ·the tax. The question of his liability for the penalty was not raised.

■ It can not be doubted that the maintenance of the judicial branch of the government, whether state or federal, is an important and essential function of government. The Collector v. Day, 76 U.S. 113, 11 Wall. 113, 20 L.Ed. 122; Helvering v. Gerhardt, 304 U.S. 405, 415, 58 S. Ct. 969, 82 L.Ed. 1427. However, "even though the function be thought important enough to demand immunity from a tax upon the state itself, it is not necessarily protected from a tax which well may be substantially or entirely absorbed by private persons. Metcalf & Eddy v. Mitchell, supra [269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384]; Willcuts v. Bunn, 282 U.S. 216, 51 S. Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260." Helvering v. Gerhardt, 304 U.S. 405, 420, 58 S.Ct. 969, 975, 82 L.Ed. 1427; Pickett v. United States, 8 Cir., 100 F.2d 909.

■ The question at issue is whether taxation of the income here involved would impose a real burden upon the state of New Jersey, or whether that burden would be "so speculative and uncertain that if allowed it would restrict the federal taxing power without affording any corresponding tangible protection to the state government". Helvering v. Gerhardt, supra, 304 U.S. page 420, 58 S.Ct. page 975, 82 L.Ed. 1427.

The case of Saxe v. Shea, 2 Cir., 98 F. 2d 83 involved practically the same question as the one involved in the case at bar. Certiorari was granted in that case on November 14, 1938, 59 S.Ct. 154, 83 L.Ed. ——, but the court dismissed it .without opinion on January 12, 1939, 59 S.Ct. 465, 83 L.Ed. ——. That case involved the compensation of referee or special guardian appointed by the Supreme Court of the State of New York and the Surrogate's Court of the County of New York, to act in specific cases. Judge Swan, speaking for the Circuit Court of. Appeals for the Second Circuit, in disposing of the claim of the taxpayer to immunity said: "Each appointment was made by an order entered in a pending action or proceeding. The appellant accepted such appointments, took the required oaths, performed the services, and received such compensation therefor as the appointing court directed to be paid him. It was paid either out of the estate or fund under the court's control or by the parties to the action or proceeding." He then said: " * * * None of the appellant's compensation came from the state treasury; it was paid by the parties litigant or out of an estate under the court's control. By no possibility can the imposition of the tax increase to the state the cost of administering justice. Conceivably an income tax upon the salary of a judge paid from the state treasury may require the official's salary to be correspondingly raised in order to obtain his consent to serve and thereby increase the cost to the state of its judicial department. Cf. Helvering v. Curren, 2 Cir., 90 F.2d 621, 622. But this cannot happen in the case of a referee or special guardian whose compensation is paid by the litigants. The tax upon such compensation will be absorbed by the taxpayer without effect upon the state, as fully as the tax upon that part of his income arising from his professional employment as an attorney at law. In the light of the Gerhardt opinion we believe that the source of the appellant's compensation is alone enough to defeat his claim of constitutional immunity from federal income taxes, although prior to that decision the lower courts had expressed divergent views on this question. See Harman v. Helvering, 2 Cir., 90 F.2d 622, 623; Miller v. McCaughn, 3 Cir., 27 F.2d 128; New York Trust Co. v. United States, 63 Ct.Cl. 100, certiorari denied 274 U.S. 756, 47 S.Ct. 767, 71 L.Ed. 1336. See, also, Helvering v. Therrell, 303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758, decided February 28, 1938, where the opinion by Mr. Justice McReynolds stresses the fact that the compensation of the taxpayers was paid from corporate assets—not funds belonging to the state."

The only distinction between that case and the one at bar is that Saxe received an appointment in each case referred to him, while here the taxpayer was appointed for life. However, this distinction is immaterial since each case was referred to Church by a specific order of the Chancellor. The important consideration is the source of the compensation. When it comes

from the litigants and not the state, the taxation thereof can not possibly impose a substantial burden upon the state.

There can be no doubt that the taxpayer believed that his compensation as master and special master was not subject to federal taxation. He did not have the benefit of the decisions in the cases of Helvering v. Gerhardt and Saxe v. Shea. The law there declared is dispositive of the question here involved.

The order of the Board is set aside and the cause is remanded for the redetermination of the tax in accordance with this opinion.

BUFFINGTON, Circuit Judge, dissents.