**NOVO TRADING CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

No. 267.

Circuit Court of Appeals, Second Circuit.

April 24, 1940.

Brozan & Holman, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

The respondent in the above-entitled proceeding has moved for dismissal of the taxpayer's petition for review. The reason advanced is that this court lacks jurisdiction because no tax return for the year in question was filed by the taxpayer. Section 1141(b) of 26 U.S.C.A. Internal Revenue Code provides that decisions of the Board "may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made the return of the tax in respect of which the liability arises or, if no return was made, then by the United States Court of Appeals for the District of Columbia." By affidavit presented in opposition to the motion, the petitioner shows that the collector filed a return for the petitioner in the collector's office in the Third District of New York which is within the second circuit. An appellate court may receive affidavits for the purpose of establishing its own jurisdiction. See Clark v. Paul Gray, Inc., 306 U.S. 583, 590, 59 S.Ct. 744, 83 L.Ed. 1001. A return filed for a taxpayer by the collector is "prima facie good and sufficient for all legal purposes." Sec. 3612(c), 26 U.S.C.A.Int.

Rev.Code. In Commissioner v. Church, 3 Cir., 103 F.2d 254, it was held that a return filed for the taxpayer by a deputy collector satisfied the venue requirement of the statute. We are in accord with that decision. The motion is denied.