JOHN G. CLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BLANCHE D. CLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAUDE H. CLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RALPH H. CLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 105848, 105849, 105850, 105851.   Promulgated May 6, 1942.

*William L. Kumler, Esq.*, and *H. Benjamin Thompson, Esq.*, for the petitioners.

*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

DISNEY: The petitioners contend that the compensation received by the partnership for services rendered by its members to the superintendent is nontaxable under the Public Salary Tax Act of 1939 and that the amount of the taxes paid thereon, about which there is no dispute, is subject to credit or refund under the provisions of section 203 of that act.[1]

The purpose of the Act was to provide that where a taxpayer asserted immunity as a state employee as to taxes prior to the taxable year beginning January 1, 1939, such immunity would be allowed, under certain procedural circumstances here fulfilled, if the same result would have been reached prior to the O'Keefe decision. *Coates* v. *United States*, 2 Cir., 1940, 111 F. 2d 609. See H. R. Rep. No. 26, 76th Cong., 1st Sess. (1939). The taxability of independent contractors with the State, or state employees of an agency considered not to be engaged in an essential governmental function had long been recognized and was in no wise changed by this Act. *J. E. Huckabay* v. *Com'r*, 1939, 40 B. T. A. 9; *John T. Rowland* v. *Com'r*, 1939, 40 B. T. A. 11. See H. R. Rep. No. 26, supra. The immunity was to be no broader and no narrower than formerly. It seems incontrovertible that the words "officer or employee" as used in the Public Salary Tax Act were intended to have a meaning no broader than that formerly given to the same words in exemptive provisions of income tax statutes, e. g., Revenue Act of 1926, § 1211, 44 Stat. 130, 26 U. S. C. A. Internal Revenue Acts, page 342. *Coates* v. *United States*, supra. To secure

---

[1] SEC. 203. Any amount of income tax (including interest, additions to tax, and additional amounts) collected on, before, or after the date of the enactment of this Act for any taxable year beginning prior to January 1, 1939, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing, shall be credited or refunded in the same manner as in the case of an income tax erroneously collected, if claim for refund with respect thereto is filed after January 18, 1939, and the Commissioner of Internal Revenue, under regulations prescribed by him with the approval of the Secretary of the Treasury, finds that disallowance of such claim would result in the application of the doctrines in the cases of Helvering against Therrel (303 U. S. 218), Helvering against Gerhardt (304 U. S. 405), and Graves et al. against New York ex rel. O'Keefe, decided March 27, 1939, extending the classes of officers and employees subject to Federal taxation.

the advantage of such an expressed exemption, it was always necessary to establish that the taxpayer was employed in an essential governmental agency and that he was an officer or employee and not an independent contractor. See, e. g., *Saxe* v. *Anderson*, D. C. S. D. N. Y. 1937, 19 F. Supp. 21, affirmed, *Saxe* v. *Shea*, 2 Cir., 1938, 98 F. 2d 83; *Burnet* v. *Livezey*, 4 Cir., 1931, 48 F. 2d 159; cf. *Metcalf & Eddy* v. *Mitchell*, 1926, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384. Similar showings must be made to come within the provisions of the Public Salary Tax Act. * * * [*Meigs* v. *United States*, 115 Fed. (2d) 13.]

See *La Rochelle* v. *Commissioner*, 115 Fed. (2d) 878; *Ira H. Lohman*, 45 B. T. A. 495.

Petitioners make no contention that they were officers of the State of California. They argue that they were state employees and cite *Helvering* v. *Therrell*, 303 U. S. 218. They emphasize the right of control and the amount of control actually exercised by the superintendent of banks, a test applied in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, to show that they were employees. The control exercised by the superintendent is set forth in our findings and needs no restatement. It is sufficient to point out that it was no greater than the control exercised by the state officer in the case of *David A. Reed*, 13 B. T. A. 513; affirmed by the Supreme Court in 281 U. S. 699, on authority of *Lucas* v. *Howard*, 280 U. S. 526, and *Metcalf & Eddy* v. *Mitchell*, *supra*, which involved the taxability of amounts received by an attorney retained by the Commonwealth of Pennsylvania to represent it in specified matters, and in *Ira H. Lohman*, *supra*, a case involving attorneys retained by the insurance department of the State of Missouri to conduct fire insurance rate litigation.

Petitioners took no oath of office. Their services for the state were performed in their own office with the assistance of their own employees. No attempt was made to show whether or not the superintendent had first call upon the services of the members of the partnership. In the absence of such proof it may be assumed that he did not.

If it could be said that petitioners were state employees, there would still be the question of whether taxation of the income would impose any actual or substantial burden on the functions of the state. *Helvering* v. *Gerhardt*, 304 U. S. 405. The compensation was paid out of assets of the banks in liquidation pursuant to a provision of the state statute authorizing the appointment of petitioners; none from the state treasury. Sec. 136, California Bank Act. Taxation of such income has been held not to impose a substantial burden upon the state. *Saxe* v. *Shea*, 98 Fed. (2d) 83; *Commissioner* v. *Church*, 103 Fed. (2d) 254; *James F. Curtis*, 39 B. T. A. 366.

The case of *Helvering* v. *Therrell*, *supra*, and others decided in the same opinion do not require a different answer. Those cases involved the taxation of income of liquidators, and counsel employed

to assist in the liquidation, of insolvent state banks and of insurance companies. In holding that the compensation was not immune from tax, the Court said: "He [Commissioner] gave proper application to the rule which we must recognize as established. The compensation of the taxpayer was paid from corporate assets—not from funds belonging to the state. * * * The business about which they were employed was not one utilized by the state in the discharge of her essential governmental duties. The corporations in liquidation were private enterprises; their funds were the property of private individuals." The decision did not establish any new rule. On this issue we sustain the respondent.

The parties agree that the amount of the loss sustained upon the sale of stock of the Citizens Utilities Co. depends upon whether the securities were acquired in a nontaxable reorganization under the provisions of section 112 (g) (1) (B) of the Revenue Act of 1938, as amended by section 213 (g) of the Revenue Act of 1939, reading as follows:

The term "reorganization" means * * * (B) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of substantially all the properties of another corporation, but in determining whether the exchange is solely for voting stock, the assumption by the acquiring corporation of a liability of the other, or the fact that property acquired is subject to a liability, shall be disregarded; * * * .

The issue is controlled by the recent case of *Helvering* v. *Southwest Consolidated Corporation*, 315 U. S. 194, involving a like provision of the Revenue Act of 1934. In that case the new corporation acquired the assets of the old corporation by paying non-participating bondholders cash borrowed from a bank; issuing most of its voting common stock to the remaining bondholders; issuing voting common stock and class A stock purchase warrants to unsecured creditors; and issuing class B warrants, also containing stock purchase rights, to old common and preferred stockholders. In holding that there was no reorganization the Court said that section 112 (g) (1) of the Revenue Act of 1934 requires that the assets of the transferor corporation be acquired for voting stock only, not such stock plus some other consideration, or for consideration other than voting stock. The Court says:

* * * Congress has provided that the assets of the transferor corporation must be acquired in exchange "solely" for "voting stock" of the transferee. "Solely" leaves no leeway. Voting stock plus some other consideration does not meet the statutory requirement. * * *

So far as pertinent, the provision controlling herein, section 112 (g) (1) (B), Revenue Act of 1938, as amended, is the same as that interpreted by the Court. Here, as part of the consideration paid for assets of Public Utilities, the new corporation paid off part of the

bonds of one issue and small claims of unsecured creditors with cash, and redeemed another bond issue, and paid other unsecured creditors by issuing income notes and its common stock. Preferred stockholders received common stock for their interests and common shareholders did not participate in the plan. Thus the exchange was not solely for voting stock of the transferee corporation and the transaction was not a reorganization within the meaning of the statute.

*Decision will be entered under Rule 50.*