In the Matter of the Probate of the Will of EMMA A. KEUTGEN, Deceased.

Surrogate's Court, Kings County, March 3, 1949.

*George M. Clarke* for Lawrence W. Collins and another, proponents.

*John F. Middlemiss* for Frank L. Moore, contestant.

*Charles P. Eschman,* special guardian for unknown distributees and attorney for any unknown distributees now in military service, respondent.

McGAREY, S. The motion of proponents insofar as it seeks to vacate the appointment of the respondent as special guardian for unknown distributees of the decedent, or, in the alternative to strike out his objections is denied in both respects.

The court, having been satisfied on the affidavits of kinship as presented that they were insufficient to eliminate the possible existence of relatives of equal or nearer degree than those mentioned in the petition for probate, made an order directing service of citation by publication against the unknown distributees of decedent, and, upon the return date of the citation, in the exercise of his discretion, and pursuant to the provisions of section 64 of the Surrogate's Court Act, appointed the respondent as special guardian of all unknown distributees and as attorney for such of them as may be in the military service of the United States.

Proponents have failed to satisfy the court on this motion that its discretion in protecting the interests of any unknown distributees was not properly exercised. The facts presented today are no different from those submitted at the time of designation. The following language in *Matter of Schultz* (180

Misc. 1023, 1025, affd. 268 App. Div. 966) is equally appropriate and applicable to the situation presented here: "The appearance of the special guardian will not be stricken out. He is here on the court's own direction for the protection of interests which the court deems to be entitled to special protection until the inquiry into the validity of the propounded instrument is completed." The order of designation will not therefore be vacated.

In the protection of the interests of any and all unknown persons who may be distributees of the decedent, the respondent was in duty bound "to protect and advance those rights by every honorable means and expedient which is known and available to him, under penalty, if he proves derelict in the performance of his duties, that he may subsequently be compelled to respond in damages to his wards for his failure adequately to protect the rights which they possessed" (*Matter of Schrier,* 157 Misc. 310, 312). In accordance with the responsibilities ensuing from his appointment, the respondent saw fit to file objections to probate for and in behalf of all unknown distributees pursuant to the provisions of section 147 of the Surrogate's Court Act, which provides in part, that: "Any person * * * interested as heir-at-law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate * * * may file objections to any will or codicil so offered for probate." While it is true that the statute makes no specific provision for the filing of objections by a special guardian of known or unknown distributees, it must be read with the provisions of section 64 of the act, whereunder it is mandatory for the court under certain prescribed conditions to appoint a special guardian for known persons, and permissive, in the exercise of its discretion, to appoint one for "unknown persons, or persons whose whereabouts are unknown". These sections taken together render it inescapable that the respondent was entitled under said section 147 to file objections in behalf of his unknowns. To hold otherwise would render the provisions of section 64 nugatory, meaningless and ineffective. The objections, as amended, will not, therefore, be stricken out.

The further alternative relief for an order directing the respondent to furnish particulars in respect to the four numbered items and subdivisions thereof as set forth in the notice of motion is granted. Items 1a, 1b, 2a and 2b are allowable under rule XXIII of the rules of this court. Items 3a, 3b, 3c

and 3d also relate to the issues of fraud and undue influence and are equally allowable (*Matter of Mullin*, 143 Misc. 256; *Matter of Van Riper*, 171 Misc. 178; *Matter of Wetterau*, 245 App. Div. 822). The further particulars not requested in the moving papers but sought in pages 9–10 of proponents' brief will not be required not only for the reason that the relief sought in the moving papers was limited to requiring the special guardian to state the particulars " of the matters set forth in the said notice of motion," but also because there is no authority in law requiring a special guardian appointed for " unknown persons " to furnish particulars naming and identifying his wards and stating the genealogical facts showing their relationship to the decedent. The court will not direct the respondent to do what proponents admittedly could not do after diligent and exhaustive inquiry. The burden of furnishing such particulars is upon proponents and not with the respondent, and the court will not permit the onus to shift with resulting responsibility placed on the latter to prove the status of his wards preliminary to a hearing of the issues raised by the pleadings. None of the cases cited by proponents, all of which relate to the status of known persons, are applicable to the case at bar.

The bill of particulars is to be served and filed within ten days after the completion of both the oral examination of the subscribing witnesses under section 141 of the Surrogate's Court Act and the examination of the proponents under section 288 of the Civil Practice Act.

Submit order, on notice, accordingly.