OPINION OF THE COURT
John D. Bennett, J.
In this probate proceeding the guardian ad litem appointed by the court on August 23, 1978 to represent infant wards seeks a partial allowance for services rendered to date. The guardian ad litem has participated in examinations of attesting witnesses and other parties and has filed objections to the propounded instrument.
The attorneys for the proponent object to the partial payment contending that allowance should not be made until a decree is signed either admitting or denying the will to probate, citing Matter of Foreman (238 App Div 388). They also rely on Matter of Mackenzie (155 Misc 822) where Surrogate Wingate held that while it would appear to be within the discretionary power of the court to award compensation to a guardian ad litem prior to determination of the proceedings for which he was appointed, the Surrogate stated that he could not conceive of any situation in which he would deem the exercise of such authority either wise or expedient. This court relied on the afore-mentioned authorities and followed it in Matter of Oswald (9 Misc 2d 667), and under like facts therein would undoubtedly hold likewise today. However, the *131 positions previously taken by the courts were before the enactment of SCPA 2111 and its predecessor, section 231-b of the Surrogate’s Court Act.
Previously, courts held that partial allowance should not be made because all of the criteria that the court is supposed to weigh in fixing attorneys’ fees as set forth in Matter of Potts (213 App Div 59, affd without opn 241 NY 593) and Matter of Freeman (34 NY2d 1) would not be before the court until there was a termination of a proceeding. Primarily, the criteria of results achieved would not be before the court at the time that partial fixation of attorneys’ fees would be awarded and therefore the courts denied applications for partial payment of fees.
Then the Commission on Estates subsequently had an opportunity to fully review this line of reasoning and had to make adjustments because of the serious tax impact that fees have on estates and on the income of attorneys, and the Legislature has seen fit to modify the courts’ previous positions so as to allow the advance payment of fees to an attorney-fiduciary. It was felt that while the court did not have before it all the criteria to fix a fee especially on results achieved when a partial allowance is made, the court, based on the experience that it has, could make an estimate of what over-all fees may possibly be allowed and then conservatively allocate a portion for partial payment of fees and give all parties an opportunity to be heard on the finalization of proceedings to address itself to the over-all allowance to be awarded. If an overpayment was allowed then the attorney-fiduciary would have to return all or a portion of the fee previously allowed. The Legislature felt that the tax planning mandated such a procedure and this court feels that the same thinking would apply to the fixation of the fee of a guardian ad litem. The court can make an allowance at this time and all parties will have an opportunity to address themselves to the over-all fee at the termination of the proceedings.
The court has taken into consideration the foregoing and utilizing the criteria that is before the court at this time as set forth in Matter of Burk (6 AD2d 429), Matter of Potts (supra), and Matter of Freeman (supra), the court will allow the guardian ad litem $2,000 as partial payment towards his fee without prejudice to any of the parties interposing any objections that they may have to an over-all allowance at the termination of these proceedings.